STATE EX REL. DWYER, RESPONDENT, *v.* DUNCAN, MAYOR, ETC., APPELLANT.

(No. 3,375.)

(Submitted March 21, 1914. Decided April 3, 1914.)

[140 Pac. 95.]

*Metropolitan Police Law—Police Officers—Wrongful Dismissal —Mandamus — Restoration to Office — Municipal Officers — Undertaking on Appeal—Technicalities—Ordinances—Waiver.*

Municipal Officers—Undertaking on Appeal.
   1. On appeal from an adverse judgment in an action against the mayor of a city in his official capacity, he is not, under section 7196, Revised Codes, required to furnish an undertaking.

*Mandamus*—Existence of Office—Affidavit—Sufficiency.
   2. In the absence of special demurrer, or motion to make more specific, the existence of the office to which plaintiff sought restoration was

sufficiently stated by the allegation of the affidavit for the writ of *mandamus* that he was appointed to the office of lieutenant of police of the police department of the city of B., a permanent existing office, created under the rules and regulations of the department promulgated by the city council and under authority of the statute.

Same—Pleadings—Evidence—Objection—Estoppel.

3.  Defendant mayor was estopped to object to the introduction in evidence of an ordinance, the existence of which he himself pleaded in his answer.

Actions—Trial—Technicalities.

4.  In the determination of a lawsuit, an honest effort to adjust the relative rights of the parties should govern, to the exclusion of mere technicalities.

Metropolitan Police Laws—Removal of Officers—Violation of Statute.

5.  *Held,* under the Metropolitan Police Law (Rev. Codes, secs. 3304—3317) that the act of defendant mayor and city council in retiring a lieutenant of police to the eligible list, on the ground of economy, and immediately thereafter appointing another to fill the same office, was a violation of the civil service principle of that statute and did not deprive plaintiff of his office.

[As to removal of public officers for cause, see note in 135 Am. St. Rep. 250.]

Ordinances—Force and Effect.

6.  An ordinance of a city, when duly passed, has the force and effect of a statute.

Metropolitan Police Law—Restoration to Office—Waiver—Defense not Available, When.

7.  Though one office is vacated by the incumbent accepting another and incompatible one, since it is against public policy that the duties of more than one office which are inconsistent and incompatible should be performed by one person, defendant mayor was not in position to raise the point that plaintiff waived the right to be restored to the office of lieutenant of police by accepting temporarily, pending proceedings for restoration, an appointment as deputy county inspector of weights and measures.

*Appeal from District Court, Silver Bow County; Jno. B. McClernan, Judge.*

Mandamus by the state, on the relation of Michael J. Dwyer against Lewis J. Duncan, as mayor of the city of Butte. Judgment for plaintiff and defendant appeals. Affirmed.

*Messrs. Alexander Mackel, Wm. F. Davis* and *N. A. Rotering,* for Appellant, submitted a brief, as well as one in support of his objection to Respondent's motion to dismiss the appeal; *Mr. Rotering* argued the cause orally.

*Mr. J. E. Healy,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This proceeding in *mandamus* was instituted by Michael J. Dwyer to compel the mayor of Butte to restore him to the office of lieutenant of police in the police department of the city of Butte. From a judgment awarding the peremptory writ, this appeal is prosecuted. To avoid confusion of terms, the relator in the lower court will be designated plaintiff, and the mayor defendant.

1. A motion to dismiss the appeal has been interposed upon [1] the ground that an undertaking on appeal was not furnished. Section 7196, Revised Codes, provides that an undertaking on appeal shall not be required from any municipal officer who appeals in an action or proceeding to which he is a party in his official capacity. In his affidavit for the writ plaintiff alleges: "13. That at all times herein mentioned the said defendant and respondent was and is the mayor of the City of Butte, Silver Bow County, Montana, and all of the said acts and things herein set forth and complained of were done and suffered and committed as against the said relator and by said respondent in the official character and capacity of respondent, as the executive head of the police department of the said city of Butte," *etc.* This statement was made advisedly. As an individual, the defendant is powerless to make any order affecting the police force of the city of Butte. It is only by virtue of the fact that he appears in his official capacity that a cause of action can be stated against him. Under the section above, he was entitled to prosecute this appeal without furnishing an undertaking.

2. Contention is made that the affidavit for the writ does not state a cause of action, in that it does not allege the existence [2] of the office to which plaintiff seeks restoration. The allegation of the affidavit is: "6. That in December, 1910, and on the 28th day thereof this affiant was permanently appointed to the office of the lieutenant of police of the police department of the city of Butte, the same being an office created under

the rules and regulations of the said department and by those promulgated by the city counsel of the said city, in addition to and under authority of the statute in that case made and provided, and said office is now and at all times has been a permanent office in the said police department of the said city, now existing and never abolished in any way." This is not the orthodox method of pleading the existence of an office created by a municipality and of the existence of which the court could not take judicial notice. The application of elementary rules of common sense to this allegation could not leave anyone in doubt as to the pleader's meaning. In the absence of a special demurrer or a motion to make more specific, this allegation is sufficient. Defendant himself in his answer alleges: "That on the 31st day of May, 1911, the above-named relator was a member of the police department of the said city of Butte, holding the position of lieutenant of police," and to this extent the answer aids the complaint or affidavit.

To prove the existence of the office, plaintiff offered in evidence **[3]** Ordinance 825 of the city of Butte, and we are introduced to a rather remarkable situation presented by defendant vigorously objecting to the introduction in evidence of an ordinance the existence of which he pleads in his answer as follows: "That there is in existence, and in full force and effect, Ordinance No. 825 of the series of ordinances of the city of Butte, entitled 'An ordinance establishing and creating a police department of the city of Butte, prescribing the duties and regulations of the members of said police department,' * * * which said ordinance created a police department within the said city of Butte under and by virtue of what is commonly known as the Metropolitan Police Law." The trial court properly refused to entertain the objection under these circumstances. The trial of a lawsuit is not a mere gladitorial **[4]** contest of wits. An honest effort to determine the relative rights of the parties is now being emphasized.

3. With these preliminary matters aside, the one question presented for our determination is: Was plaintiff entitled to be

[5]   restored to the office of lieutenant of police? The circumstances of his probationary appointment to the police force, his permanent appointment, his appointment as lieutenant of police, his removal from active service to the eligible list, and the offer of the city to restore him to active service as a patrolman, need not be considered at length. Plaintiff was removed from active duty, along with fourteen or fifteen patrolmen, by resolution of the city council and direction of the mayor, because the department had more men in active service than the needs of the city demanded or its financial condition would justify. It appears that, in retiring these men to the eligible, waiting list, the authorities selected the members of the police force in the inverse order of their appointments, taking those who had served the shortest periods of time.

Our Metropolitan Police Law (sections 3304–3317, Rev. Codes) contemplates that in addition to the office of chief of police, which the Act itself creates, there shall be different grades and other offices established by the city council (section 3314), or by the mayor in the event the council fails to act (section 3305). For instance, in section 3308 it is provided: "The mayor and (or) the chief of police subject to the approval of the mayor shall have the power to suspend a policeman, *or any officer under the chief,* for a period of not exceeding ten days in any one month without any hearing or trial." The city of Butte by ordinance provided for the organization of its police department in conformity with that Act. Under Ordinance No. 825 above, the department comprises one chief of police, one captain, one lieutenant, two sergeants, three jailers, three patrol drivers, one detective, and such number of patrolmen as may be required. The Act also contemplates that charges against any officer in the department shall be heard by the examining and trial board (section 3309), and that reduction in rank or grade may be imposed as punishment in case the officer, other than the chief, is found guilty (section 3308).

The civil service principle is the foundation of the law. The fundamental idea upon which the system rests is that appoint-

ments to and promotions in the department shall depend upon merit and not upon favoritism. When Ordinance 825 was duly [6] passed, it had the force and effect of a statute. (28 Cyc. 391; McQuillin on Municipal Ordinances, sec. 12.) The office of lieutenant of police was created by that ordinance, and when filled by the appointment and qualification of plaintiff, he was protected by the life tenure principle to the same extent as is the chief of police, so long as the necessities which called for the creation of the office, in the first instance, exact that it be filled. The office of chief of police is required to be maintained. The subordinate offices need not be. They are created to meet the needs of the city; and if out of the necessities of any given case a reduction in the number of members of the force becomes imperative, patrolmen may be relegated to the eligible list—not, however, to make room for others—and likewise a captain, lieutenant, or sergeant may be retired from active service, but not to make way for someone else to take his office. The spirit of the law requires that, whenever additional patrolmen are needed, those who have been relegated to the eligible list shall be called in the order of their appointments; and if considerations of economy have caused the office of lieutenant of police to be vacated by the retirement of the incumbent to the waiting list, the same spirit of the law demands that, whenever that office is again filled, the former incumbent shall be restored, in preference to anyone else.

The record before us discloses that when this plaintiff was retired to the eligible list, and the office of lieutenant of police became vacant, the defendant immediately appointed another to fill the office. This was a clear violation of the civil service principle, and did not operate to deprive the plaintiff of his office.

4. It is insisted that whatever right plaintiff may have had to be restored to the office he seeks he waived by accepting an incompatible office. The record discloses that some time after [7] this proceeding was instituted, and while waiting for its termination, plaintiff accepted temporarily the appointment as

deputy inspector of weights and measures for Silver Bow county. We recognize the general rule to be as stated by counsel for appellant: That one office is vacated by the incumbent accepting an incompatible office. The reason for the rule is that it is contrary to public policy that the same individual should undertake to perform inconsistent and incompatible public duties (Mechem's Public Offices and Officers, sec. 419); but when the reason of a rule ceases, so should the rule itself. It appears as somewhat of a novelty in the law for this defendant to urge that the duties of the office of inspector of weights and measures are inconsistent with the duties which his own wrongful act prevents this plaintiff from performing. It will be time enough to raise this objection if plaintiff attempts to perform the duties of both offices at the same time.

We find no error in the record. The motion to dismiss the appeal is overruled and the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.