STATE EX REL. BREEN, RESPONDENT, *v.* STODDEN, MAYOR, APPELLANT.

(No. 4,541.)

(Submitted May 27, 1920. Decided June 1, 1920.)

[190 Pac. 991.]

*Cities and Towns—Police Department—Metropolitan Police Law—Illegal Removal of Officer—Restoration—Mandamus—Judgments—Satisfaction—Dismissal of Appeal.*

Judgments—Satisfaction—Dismissal of Appeal.
   1. Where, in obedience to a judgment in *mandamus* directing the restoration of an officer of the police department, the officer is restored to his position the appeal of the city from the judgment will be dismissed.

Metropolitan Police Law — Removal of Officer — Restoration — Ratification.
   2. *Quaere:* Where a city attorney, without authority so to do, ordered the restoration of a member of the police force, did the mayor by signing salary warrants of the officer thereafter, pending appeal from a judgment in *mandamus* ordering restoration, ratify the restoration?

Same—Retirement of Officers—Power of Council.
   3. Though, under the Metropolitan Police Law, members of the police department in a city cannot be dismissed except for cause and after a hearing or trial, the city council has authority to retire a member or any number of members of the department to the eligible list on a determination in good faith that their services are not required.

Same—Removal of Officer on Ground of Economy and Appointment of Another Illegal.
   4. Where, under the provisions of the Metropolitan Police Law, a city council had by ordinance created the offices of city jailer and two assistant jailers and did not thereafter vacate any one of these offices, it had no power, after retiring one of such assistants and placing him on the eligible list on the ground of retrenchment, to continue the office in operation and put another in charge of it.

   [On power of town or municipality to remove officer in absence of statutory authority, see notes in 9 L. R. A (n. s.) 572; 39 L. R. A. (n. s.) 519.]

*Appeal from District Court, Silver Bow County; John V. Dwyer, Judge.*

*Mandamus* by the State, on the relation of Peter T. Breen, against the Mayor of the City of Butte, William T. Stodden,

incumbent. From a judgment awarding a peremptory writ, defendant appeals. Affirmed.

*Mr. R. L. Clinton* and *Mr. C. F. Juttner*, for Appellant, submitted a brief; *Mr. Clinton* argued the cause orally.

*Messrs. Maloney & Andrew*, for Respondent, submitted a brief.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Respondent Breen, hereafter for convenience called the plaintiff, instituted proceeding in *mandamus* against appellant, hereafter referred to as the defendant, to compel his restoration as assistant city jailer in the police department of Butte. This appeal is from the judgment of the district court awarding the peremptory writ, filed and entered September 14, 1919. The bill of exceptions herein was settled October 14, 1919.

On March 25, 1920, plaintiff filed in this court a motion to dismiss the appeal on the ground that defendant had fully complied with the writ and satisfied the judgment. In support of this motion he filed, on May 25, 1920, affidavits to the effect that on September 14, 1919, the very day of the issuance of the writ, R. L. Clinton, city attorney and counsel for defendant, notified plaintiff to return, and instructed the city jailer to return plaintiff to his position, which was done, and he has ever since retained the position and received his monthly warrants signed by the defendant mayor.

If plaintiff was restored to his position by the mayor, acting [1] within his authority and in obedience to the peremptory writ, the matter comes within the rule laid down in the case of *In re Black's Estate*, 32 Mont. 51, 79 Pac. 554, the motion should be sustained, and this appeal dismissed. However, neither the record nor the motion papers show a return of the writ or any action taken by the defendant in obedience thereto; the city attorney was without authority to direct the restoration of the officer, and it is at least questionable whether

[2] the signing of salary warrants by the mayor, while the appeal was pending, would constitute a ratification of the return of the officer to his position. The question may be raised at any time; and, if this appeal is dismissed without a determination on the merits, further litigation would result or the legal status of the respective parties be left in doubt. We deem it proper, therefore, to pass, without determining the question presented by the motion, to a consideration of the case on its merits.

The undisputed facts are that plaintiff was a duly appointed and qualified member of the police department of the city of Butte, and, having served the probationary period of six months, under the Metropolitan Police Law, as assistant city jailer, that he was, on the sixteenth day of April, 1919, permanently appointed by the defendant to that position; and that he thereupon gave his bond in the sum of $2,500 for the faithful performance of his duties. On May 28, 1919, the mayor, finding the shrinkage in the city's finances, through discontinuance of the liquor licenses, amounting to some $65,000 per annum, increase in wages and costs of materials, made retrenchment imperative, and that, owing to the closing of the saloons and, perhaps, other causes, the city could well dispense with practically one-third of the police force recommended to the council the placing of twenty members of the police department on the eligible list, without pay until reinstated by the council. The council accepted the recommendation, and passed a resolution to that effect, embodying their reasons for so doing in the resolution, and placing on the list the twenty men last appointed to the police department, among them, the plaintiff.

While it is true that under our statute (Rev. Codes, sec. [3] 3306), a member of the police department cannot be dismissed except for cause and after a hearing or trial (sec. 3308; *State ex rel. Quintin* v. *Edwards,* 40 Mont. 287, 20 Ann. Cas. 239, 106 Pac. 695), there can be no doubt at this time of the authority of the city council to retire a member, or any num-

ber of the members, of the police department to the eligible list, on a determination, in good faith, that the necessities of the city do not require their services. The city council has control over the affairs of the city, and has not only authority, but it is its duty, to see that those affairs are economically administered, and that there shall be no useless expenditure of the city's funds.

It can be readily understood that, in many instances, especially in those cities dependent largely for their prosperity and population on mining operations, and where consequently, the needs as to police protection fluctuate frequently, the officials upon whom rests this duty to protect the city's finances must, of necessity, be vested not only with power to increase the police force to meet either growing or sudden demands, but to thereafter reduce the force, with a decrease of the demands, by retiring to the eligible list those members of the force last appointed and whose services are no longer needed. This question has been fully disposed of in the cases of *State ex rel. Rowling* v. *Mayor of Butte,* 43 Mont. 331, 117 Pac. 604, and *State ex rel. Dwyer* v. *Duncan,* 49 Mont. 54, 140 Pac. 95. It is therefore clear that, if the plaintiff was merely a patrolman and one of the number thus, for economic reasons, retired to the eligible list, he has no just cause of complaint, even though his particular work is performed by some member of the force still retained.

The position of jailer is one which might, we assume, be filled by any patrolman, and the council might properly have pro-

[4]    vided that a certain number of patrolmen be from time to time assigned to act as jailers, just as they are to the "plain clothes squad," the traffic force, or any particular beat. This, however, was not done, but the council, in 1908, in conformity with the Metropolitan Police Law, established the police department, with all its divisions and offices, by special ordinances, among which we find Ordinance 823, which reads in part as follows: "The offices of city jailer and two assistant city jailers are hereby created and each of them are hereby

constituted as members of the police department.'' Thus we have the creation of three distinct ''offices'' within the police department; no one of these offices was vacated by the council by its resolution of retrenchment; but we find from the record that immediately upon the retirement of plaintiff, a patrolman, older in point of service, was called in to take his office. This being the condition of affairs in the police department of the city of Butte, the council was without authority of law to remove plaintiff from his office and place another in his stead.

Again, the question presented is disposed of by the opinion in *State ex rel. Dwyer* v. *Duncan, supra.* We see no distinction between the position of a lieutenant of police and an assistant city jailer, where each position is created and denominated an ''office'' by the ordinance. While the office might be vacated for economic purposes, it cannot, under the civil service principle of the Metropolitan Police Law, be continued in operation, the incumbent removed therefrom, and another placed in charge.

The judgment of the district court of Silver Bow county is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, HURLY and COOPER concur.