STATE EX REL. DWYER, APPELLANT, *v.* MAYOR OF THE
CITY OF BUTTE, RESPONDENT.

(No. 5,356.)

(Submitted November 16, 1923.   Decided December 14, 1923.)

[221 Pac. 524.]

*Mandamus — Cities and Towns — Metropolitan Police Law —
Lieutenant of Police—Reinstatement—Ordinances—Title and
Subjects—Statutory Restriction—Liberal Construction.*

Cities and Towns—Metropolitan Police Law—Power of City Council.
   1.   The Metropolitan Police Law, under which a worthy incumbent
cannot be ousted because of favoritism or political changes in the
city administration, does not prevent the city council from abolishing
any of the subordinate offices when such course becomes necessary
because of economic conditions or when the necessity which called
the office into being ceases to exist.

Same—Ordinances—Purpose Need not be Set Forth.
   2.   In enacting an ordinance the city council need not set forth in
it the purpose sought to be attained by its passage.

Same — Reinstatement of Police Officer — *Mandamus* — Ordinances — Pre-
sumptions.
   3.   On *mandamus* to compel reinstatement of a lieutenant of police
which office had been abolished by ordinance, it was not incumbent
upon defendant mayor to either plead or prove the necessity which
impelled its enactment, it being presumed, in the absence of proof
to the contrary, that necessity for its passage did exist.

Same—Ordinances—Title and Subjects—Statutory Restriction.
   4.   The restriction placed by section 5056, Revised Codes of 1921,
upon the city council in enacting ordinances to the effect that none
shall be passed containing more than one subject which shall be
clearly expressed in its title, like that imposed upon the legislature
in enacting a statute, must be liberally construed, and the ordinance
will be sustained unless it appears beyond a reasonable doubt that
it does not meet the requirement.

Same.
   5.   Whatever is germane, incidental or necessary to the main or
general subject of an ordinance may be included in it and is not
a separate subject, and generally the title is sufficient if the body
of the Act treats, directly or indirectly, of the subjects mentioned in
the title, or of those germane thereto or in furtherance of its
main or general subject.

Same—Ordinance not Held Invalid as Containing More Than One Subject.
   6.   An ordinance establishing a police department, repealing a
series of ordinances dealing therewith, and those relating to the
location and conduct of the city jail, *held* not open to the objection
that it was void as in contravention of the provisions of section 5056,
*supra.*

*Appeal from District Court, Silver Bow County; Joseph R. Jackson, Judge.*

*Mandamus* by the State of Montana, on the relation of Mike J. Dwyer, against the Mayor of the City of Butte (James G. Cocking, incumbent) a municipal corporation, to compel reinstatement of relator to the position of lieutenant of police. From an order denying the writ, relator appeals. Judgment affirmed.

*Mr. N. A. Rotering* and *Mr. A. C. McDaniels,* for Appellant, submitted a brief; *Mr. Rotering* argued the cause orally.

It will not be disputed that if the title of the ordinance expresses two subjects, and the body of the ordinance embraces the same two subjects, the ordinance is void. It is contended by the appellant that the legislation as to the police department and the repeal of the ordinance establishing the city jail are two unrelated subjects. (*Yegen* v. *Board of County Commrs.,* 34 Mont. 79, 85 Pac. 740; *Board of County Commrs.* v. *Snow,* 45 Kan. 332, 25 Pac. 903; *Los Angeles* v. *Hance,* 122 Cal. 77, 54 Pac. 387; *State* v. *Sholl,* 58 Kan. 507, 49 Pac. 668; *Missouri Pacific Ry. Co.* v. *City of Wyandotte,* 44 Kan. 32, 23 Pac. 950; *Silva* v. *City of Newport,* 119 Ky. 587, 84 S. W. 741; *Simms* v. *Sawyer,* 85 W. Va. 245, 101 S. E. 467; *Dolese* v. *Pierce,* 124 Ill. 140, 7 Am. St. Rep. 345, 16 N. E. 218.)

Ordinance No. 1682 is void for another reason, that is, more than one subject is contained in the body of the ordinance, though the subjects are not expressed in the title. (*Leach* v. *People,* 122 Ill. 420, 12 N. E. 726; *City of Grand Rapids* v. *Burlingame,* 93 Mich. 439, 53 N. W. 620; *People* v. *Parks,* 58 Cal. 624; *Lewis* v. *Dunne,* 134 Cal. 291, 86 Am. St. Rep. 257, 55 L. R. A. 833, 66 Pac. 478; *Stebbins* v. *Mayer,* 38 Kan. 573, 16 Pac. 745.)

*Mr. J. T. Andrews* and *Mr. F. E. Blodgett,* for Respondent, submitted a brief; *Mr. Blodgett* argued the cause orally.

Anything which is germane, incidental or necessary to the main or general subject of an ordinance may be included in it, and is not a separate subject. (*State* v. *McKinney,* 29 Mont. 375, 1 Ann. Cas. 579, 74 Pac. 1095; *Carlson* v. *City of Helena,* 39 Mont. 82, 17 Ann. Cas. 1233, 102 Pac. 39; *State* v. *Calloway,* 11 Idaho, 719, 114 Am. St. Rep. 285, 4 L. R. A. (n. s.) 109, 84 Pac. 27; *Hood* v. *Melrose,* 24 Cal. App. 355, 141 Pac. 396; *City of Seattle* v. *Sylvester-Cowen Inv. Co.,* 55 Wash. 659, 104 Pac. 1121; *De Priest* v. *Camp,* 101 Kan. 810, 168 Pac. 872; *City of Everett* v. *Cowles,* 97 Wash. 396, 166 Pac. 786; *Laws* v. *San Francisco,* 144 Cal. 384, 77 Pac. 1014; *Trout* v. *Minneapolis & St. L. R.,* 148 Iowa, 135, 126 N. W. 799.)

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

In *mandamus.* Relator brought this proceeding to compel the mayor of the city of Butte to reinstate him in the position of lieutenant of police, which he had held for a number of years prior to August 16, 1921. On that day the mayor reduced him to the grade of patrolman. As a result relator was compelled to leave his office in the city hall, put on a uniform, and mingle with the street life of the city. Besides, he suffered diminution of salary. So he sought relief at law. The court entered judgment against him, whereupon he moved for a new trial, which was denied. Then he appealed to this court.

1. The position to which he seeks reinstatement was a creation of Ordinance No. 825 of the city of Butte, approved June 25, 1908. This ordinance was one of several passed pursuant to the Metropolitan Police Law, which created for Butte a pretentious police department. Section 1 of 825 provided for a chief of police, captain of police, lieutenant of police,

desk sergeant, chief city jailer, two assistant city jailers, three patrol drivers and such patrolmen as might be required.

The mayor's action of which relator complains was based upon Ordinance 1682, which was passed July 31, 1920, and approved by the mayor August 4 following. This ordinance in terms repeals 825 and abolished several offices including that of lieutenant of police. Section 1 of 1682 reads as follows: ''There is hereby established and created an executive department of the municipal government of the city, which shall be known as the police department, and shall embrace the mayor, the chief of police and assistant chief of police and such other employees as officers, to be designated as patrolmen, as may be required.''

The first position taken by counsel for relator is that when [1] one is appointed to an office under the Metropolitan Police Law he has a life tenure unless legally removed for cause, or unless for economical reasons the office is abolished. Hence it is said, it being admitted relator was not removed ''for cause,'' and as it has been neither pleaded nor proved that the office was abolished for reasons of economic necessity, the ordinance is nugatory as to relator. The Metropolitan Police Law was designed to reward faithful service upon the life tenure principle. It never was intended that this principle should be extended to permit the creation by the law-making power of an office which that power might not abolish whenever the necessity which called the office into being ceased to exist. It was not designed to impose officers for life upon the public irrespective of the public needs. In *State ex rel. Breen* v. *Stodden,* 58 Mont. 116, 190 Pac. 991, it was observed that in communities which depend largely upon mining industries, fluctuations in population and prosperity are not of unusual occurrence. The same thing is true, to some extent, with respect to all large industrial centers. Periods of heavy depression in business resulting from whatever cause, if long continued, are followed by loss of popula-

tion, and the tightening of private and public purse strings. The need for police protection varies with these changing periods. Sometimes it is necessary to increase, at other times to decrease, the police force. This the city council has ample power to do as public exigency may require. (*State ex rel. Rowling* v. *City of Butte,* 43 Mont. 331, 117 Pac. 604.) The council may also change the plan of operation governing the police force. ''The office of chief of police is required to be maintained. The subordinate offices need not be.'' They are created to meet the needs of the city and may be abolished when the need for them, or any of them, ceases. The intent of the law is that so long as the office exists a worthy incumbent thereof shall not be ousted because of political changes in the city administration, or from motives of favoritism. (*State ex rel. Dwyer* v. *Duncan,* 49 Mont. 54, 140 Pac. 95.)

It is true that the council may not by subterfuge abolish an office in name but continue it in fact, thus ousting the rightful occupant and at the same time placing another in his stead (*State ex rel. Breen* v. *Stodden, supra*), but no such condition exists here.

It was not necessary for the council to set forth in an ordi- [2, 3] nance the purpose sought to be attained by its passage. At the start the court will presume the ordinance valid. In the absence of proof to the contrary it will be presumed that a necessity for its passage existed. So it was not incumbent upon the mayor to either plead or prove the necessity which impelled the council to enact it.

The evident purpose of Ordinance No. 1682 was to cut down the size of the police force and to place it upon a more economical financial basis. Instead of a chief of police, captain of police, lieutenant of police and the other officers mentioned, the police department provided for in Ordinance 1682 embraced only the mayor, chief of police, assistant chief of police and the patrolmen. The record indicates that the chief of police and assistant chief of police, under the new ordinance,

perform all the duties of the chief of police, captain of police and lieutenant of police under Ordinance 825.

Apparently the purpose of the law-making body of the city of Butte was to reduce its police force within limits commensurate with the city's income. A considerable financial saving was effected by the reorganization and reduction of the police force, and, so far as the record discloses, without any impairment in its efficiency. A laudable purpose seems to have been effected. It is true that relator suffered a diminution of salary but such seems to have been the fate of all the members of the police force. Relator did not have any vested right in the office of lieutenant of police nor in the salary it carried. He is still a member of the police force and so far as we can see no injustice has been done him.

2. But counsel for relator insists that Ordinance 1682 is [4–6] void as being in contravention of section 5056, Revised Codes of 1921, which provides in part: "No ordinance shall be passed containing more than one subject, which shall be clearly expressed in its title, except ordinances for the codification and revision of ordinances." Counsel's postulate is that two subjects are expressed in the title and also in the body of the ordinance—the first subject being the establishment of a police department, and the second the "repeal of Ordinance 823, an ordinance establishing the city jail." As was pointed out in *Carlson* v. *City of Helena,* 39 Mont. 82, 17 Ann. Cas. 1233, 102 Pac. 39, the statute above quoted imposes the same restrictions upon the city council as is imposed by the Constitution upon the legislature and the purpose is the same. "This purpose is pointed out in *State* v. *McKinney,* 29 Mont. 375, 74 Pac. 1095, and the cases on the subject are there collated. The observance of the limitation is mandatory, and renders void any ordinance which violates it. But whatever is germane, incidental or necessary to the main or general subject of an ordinance may be included in it and is not a separate subject."

From obvious necessity the restrictions imposed by constitutional and statutory provisions, such as that under consideration have been construed liberally with a view to sustaining legislative action. (*State* v. *Courtney*, 27 Mont. 378, 71 Pac. 308; *Western Ranches* v. *Custer County*, 28 Mont. 278, 72 Pac. 659; *State* v. *McKinney, supra*.) The court will not declare an Act of a legislative body of no effect unless it is clear that the purposes of the restrictive law have not been accomplished. (*State* v. *Cantieny*, 34 Minn. 1, 24 N. W. 458.) The rule employed to test the constitutionality of statutes is likewise applied to test the validity of ordinances: Unless it appears beyond a reasonable doubt that the ordinance does not comply with the requirements of the restrictive paramount law the ordinance will be sustained. Generally the title is sufficient if the body of the Act treats only, directly or indirectly, of the subject mentioned in the title, and of others germane thereto, or those in furtherance of or necessary to accomplish the main or general subject of the Act. (*State* v. *McKinney, supra; Carlson* v. *City of Helena, supra*.)

The title of Ordinance 1682 is: "An ordinance establishing and creating the executive department of the municipal government of the city of Butte, to be known as the police department; prescribing the duties and regulations of such executive department; prescribing the duties and rules of the police department and the different members and appointees thereof, and to repeal a series of ordinances numbered * * * 823, 825, 995 of the city of Butte." Ordinance 823 was passed contemporaneously with 825 above mentioned and was a companion measure. The title of 823 was: "An ordinance providing for the establishment and maintenance of a jail and providing regulations therefor" (and naming sections to be repealed). While the first section of this ordinance reads: "The city jail of the city of Butte is hereby located and established in the basement of the city hall on East Broadway, in the city of Butte," ten if, not eleven of the succeeding thirteen sections (the last section deals wholly with repeals) have to do with rules

and regulations respecting the jailers and their duties. Two other sections do not relate directly either to the jail or jailers. Ordinances 823 and 825 evidently were parts of a single plan, and their provisions are largely complementary.

As illustrative of this, section 2 of 823 reads: "The offices of the city jailer and two assistant city jailers are hereby created and each of them are hereby constituted as members of the police department of the city of Butte, and are appointed in the manner provided by law for the appointment of members of the police department of the city of Butte," while also by section 1 of 825 a chief jailer and two assistant city jailers are made members of the police department. In the main 823 is germane to 825. It cannot be asserted successfully that the provisions of 825 are not germane to the subject sought to be legislated upon by Ordinance 1682, and to the extent that 823 is germane to 825 it is to 1682. Some of the sections of 823 are in direct conflict with the purpose of 1682. In order to accomplish the main or general subject of Ordinance 1682 it was necessary to repeal 825 directly and a considerable portion of 823 either directly or by implication. The council saw fit to repeal 823 directly. It was the purpose of 1682 to supplant, to a large extent at least, the scheme of operation of the police department provided by 823 and 825 and companion ordinances. In view of the subject matter of the legislation, and the end sought to be reached, we cannot say that it is clear to us beyond a reasonable doubt that what the council did, in furtherance of the main legislative object it had under consideration, impinged upon the restrictions prescribed by section 5056, *supra*. Such doubts as we have we resolve in favor of Ordinance 1682.

The point that Ordinance 995 is not germane to the purpose of 1682 is not tenable.

The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.