THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JOSEPH DIDONNA, Defendant.

Court of Special Sessions of the City of New York, Kings County, May 8, 1925.

Crimes — concealed weapons — motion by defendant for return of revolver seized from his person after search by peace officers without warrant and to enjoin use thereof as evidence — search and seizure of firearms without warrant not unlawful where commission of crime is reasonably suspected — Civil Rights Law not violated — defendant possessed weapon in violation of Penal Law, § 1897 — court without power to return weapon or to enjoin its use as evidence.

A search for and seizure of firearms without a warrant, if there be reasonable ground to suspect the commission of some crime, in the furtherance of law and order and for the protection of society, does not violate the provisions of the Civil Rights Law and is valid. The reasonableness of the search, whether it be with or without a warrant, is the proper test rather than the possession of a warrant.

Accordingly, defendant's motion for the return of a revolver seized from his person after a search by peace officers without a warrant and to enjoin the use thereof as evidence, should be denied, where it appears that the defendant, in violation of section 1897 of the Penal Law, was in possession of the weapon without a license and that the said officers had probable cause to believe that a crime

had been committed. Moreover, the court is without power to order the return of the revolver to the defendant, since a firearm concealed upon the person without a written permit therefor and thereafter seized is a nuisance and must be destroyed pursuant to the provisions of section 1899 of the Penal Law.

NOLAN, P. J., dissents, in part, with opinion.

MOTION by the defendant for an order " directing the Property Clerk of the Police Department of the City of New York, to restore to the petitioner [defendant] * * * a revolver and enjoining the District Attorney of the County of Kings and the Police Department of the City of New York and the peace officers in this case from using said revolver or any information derived by reason of the search or seizure of your petitioner."

*Charles J. Dodd, District Attorney [Harry Walsh* of counsel], for the plaintiff.

*Frank A. Margiotta [Herbert N. Warbasse* of counsel], for the defendant.

FRESCHI, J.:

The defendant claims that, while walking in a quiet and orderly manner and while lawfully and peacefully proceeding along Columbia street in the borough of Brooklyn, city of New York, he was violently, forcibly and unreasonably searched by one or more peace officers and thereafter arrested and charged by them with a violation of section 1897 of the Penal Law, which statute makes it a misdemeanor to have the possession of firearms without a license therefor. The arraignment of the defendant before the committing magistrate followed and he was held to answer on that charge in this court. Bail was fixed at $500, and the defendant has here appeared and entered a plea of not guilty. It is further alleged by the defendant that the peace officers who made the search and seizure had no search warrant against the petitioner and no warrant for his arrest. The petitioner further alleges that he had not committed or attempted to commit any crime in the presence of the peace officers; nor does it appear that any felony had been committed whereof there was reasonable cause for believing that the petitioner had committed it, and, therefore, the defendant claims that the search and seizure were a trespass against his person.

The main claim made by the defendant is that the possession of the revolver in question, which was taken from his back pocket by the peace officers, was temporary and incidental to a performance of a lawful act by him, he having a few moments before the search, seizure and arrest disarmed his assailant from whom he took the revolver; and it is urged that the search and seizure were without

the defendant's consent and against his will and he now asks that the property clerk restore the revolver in question to him.

The district attorney has filed an opposing affidavit of Officer Edward S. Gardner, one of the detectives of the police department, who with other detectives arrested the defendant on March 23, 1925, and thereafter charged him with the violation of law above referred to. The prosecution claims that at about midnight on the day in question the defendant and two other men were seen to come from the premises 147 Columbia street, which is a four-story brick dwelling, the ground floor being occupied by a barber, and that when Gardner asked these men what they were doing, the defendant replied that they had been visiting friends, whereupon Gardner asked the defendant Didonna if he had a revolver on his person, similar inquiries being addressed to the other two men, who accompanied him, and all three, including the defendant, made the response to said inquiry that they did not carry a revolver. The police officers claim that they thereupon informed the defendant and his two companions that they were going to search their clothes and proceeded to do so, thereupon finding in the right rear pocket of the defendant Didonna a twenty-five caliber fully loaded revolver, which bears the mark of the maker, "Angel Capuno Spain." The officer, Gardner, alleges in his affidavit that before examining the person of the defendant and his companion, he and the other police officers asked the defendant and his companions whether they lived in the premises from which he had seen them emerge, and the defendant and his companions said that they did not live there, and that what attracted the attention of the officers to the defendant was the loud and boisterous manner in which he and his companions were talking.

Reduced and translated to its simplest language this motion is practically for injunctive relief and for a mandamus against public officials.

It is clearly and undisputably established in this case that this defendant was possessed of a firearm and dangerous weapon, which under certain circumstances is contraband to all intents and purposes and that the search and seizure in this case, now challenged by defendant as violative of his constitutional rights, resulted in establishing, at least, probable cause to believe the defendant guilty of a violation of law. There is, though, an issue raised regarding the legality of such possession of the weapon. The prosecution informs against the defendant because it was illegal and criminal, whereas the defendant claims the possession to be temporary and such as brings him within the decision of *People* v. *Persce* (204 N. Y. 397). These conflicting claims present the real issue to be

heard and determined under the indictment. Surely, it should not be determined collaterally on a motion such as this and without a formal trial involving the confronting of witnesses and their cross-examination.

It is unlawful for any unlicensed person to have a pistol in his possession (Penal Law, § 1897), and to require a search warrant before it may be discovered is providing a means for putting the weapon out of the reach of the search warrant.

I do not think that a search for and seizure of firearms can be said to be unreasonable where the police reasonably suspect the commission of some crime, in which case they have the right to search and seize the subject of the crime; and the rule of differentiation between reasonable and unreasonable search and seizure is laid down by Mr. Justice BRADLEY in *Boyd* v. *United States* (116 U. S. 616), quoted with approval by Chief Justice TAFT in *Carroll* v. *United States* (267 U. S. 132).

The reasonableness of the search, whether with or without a warrant, is always a question, the warrant in no sense being the determining factor in a case. It is the unreasonable search that is forbidden. The chief justice in *Carroll* v. *United States (supra)* says: " The Fourth Amendment does not denounce all searches or seizures, but only such as are unreasonable." In discussing *Boyd* v. *United States (supra)*; *Weeks* v. *United States* (232 U. S. 383); *Silverthorne Lumber Co.* v. *United States* (251 id. 385); *Gouled* v. *United States* (255 id. 298), and *Amos* v. *United States* (Id. 313) the chief justice further states (p. 149): " In none of the cases cited is there any ruling as to the validity under the Fourth Amendment of a seizure without a warrant of contraband goods in the course of transportation and subject to forfeiture or destruction.

" On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid. The Fourth Amendment is to be construed in the light of what was deemed an unreasonable search and seizure when it was adopted, and in a manner which will conserve public interests as well as the interests and rights of individual citizens." A search with a warrant may be unreasonable just as one without a warrant may be reasonable. (*Entick* v. *Carrington,* 19 How. St. Tr. 1029; *Smith* v. *Jerome,* 47 Misc. 22; *Houghton* v. *Bachman,* 47 Barb. 388; *Blazier* v. *Miller,* 10 Hun, 435; *Cooper* v. *Schultz,* 32 How. Pr. 107, 121.) Reasonable search and seizure without a warrant is, in fact, necessary, under proper circumstances, in

furtherance of the reign of law and order and for the protection of society and for the preservation of the government itself by the confiscation of contraband, including weapons of a criminal and guilty nature, that might be used against it; such search and seizure is not violative of one's civil rights, and I do not believe the recent change of the phraseology of the Civil Rights Law makes these principles any different in their operation and effect.

It seems to me that this court cannot legally order the return to the defendant of the revolver, which he has no right to possess. (*United States* v. *Rykowski*, 267 Fed. 866.) Under section 1899 of the Penal Law a revolver or other firearm of a size that may be concealed on the person when possessed without a written permit therefor is declared to be a nuisance and must be destroyed.

Furthermore, I doubt the power of this court in any event to order the police commissioner to return the weapon or to restrain him through some imaginary equity power which we never had and cannot now exercise, through injunction enjoining him from using the revolver as evidence.

In a similar case (*Matter of Caponi*, 213 App. Div. 883) it was decided that the County Court of Queens county had no such authority. It follows, it seems to me, that we are powerless in the premises, save at the trial when the court is called upon to rule as to the admissibility of the revolver as subject of the crime. And in this regard the law, as I understand it, enables the prosecution to use the evidence of the guilt of the accused, no matter how it was obtained, it being of no importance on the question of its admissibility at the trial, unless the defendant is forced thereby to produce self-incriminating evidence. (*People* v. *Adams*, 176 N. Y. 351, 359; affd., *sub nom. Adams* v. *New York*, 192 U. S. 585.)

I am of the opinion that it would be illegal for this court to order the return to the defendant of an article which he has no license to possess. Besides, for the purposes of this motion, I hold that the search was reasonable. (See *People* v. *Esposito*, 118 Misc. 867.)

This motion should be denied.

NOLAN, P. J.:

This is a motion for an order directing the property clerk of the police department of the city of New York to restore certain property, a revolver, taken from the person of the defendant as a result of an unlawful search and seizure, and enjoining the district attorney of the county of Kings and the police department of the city of New York, and the police officers in this case from using the said revolver or any information derived from said search and seizure against the defendant.

On the merits, the facts and circumstances here would seem to warrant granting the motion.

However, neither on the argument in support of the motion nor in the memorandum since submitted has it been pointed out wherein this court derives and may exercise the power necessary to grant the relief urged, or by what means an order granting the same could be enforced.

The words " unreasonable search " cannot be held to be meaningless, and in my opinion this application presents an instance all too common, frequent and numerous of late, too lightly regarded, of " unreasonable " search.

The circumstances of the search set forth in the affidavit submitted in opposition to the motion could not be deemed to warrant the vaguest suspicion that a crime had been, was being, or even was about to be, committed by defendant, let alone constitute " probable cause."

No grounds for arrest or accusation existed, the defendant was not under arrest, and, therefore, his body was not being subjected to the physical dominion of the law.   In subjecting the body of the defendant to search under these circumstances the officer was committing a trespass, the search was unlawful and, therefore, " unreasonable."   (*People* v. *Chiagles*, 237 N. Y. 193.)

Only and solely for the reason that I am of the opinion that this court is without jurisdiction, I vote to deny the motion.

FETHERSTON, J., concurs with opinion of FRESCHI, J.

Motion denied.