In the Matter of the Application of LIBORIO SIRACUSA for the Vacation of a Search Warrant and the Return of Certain Properties Seized Thereunder.

Supreme Court, Ontario County, November 14, 1925.

Constitutional law — home rule — municipalities not authorized under City Home Rule Law (Laws of 1924, chap. 363) to organize or determine procedure of courts — power vested in Legislature by State Constitution art. 6, § 18 — provision of local law enacted by city of Geneva under City Home Rule Law as to issuance of search warrants and procedure in City Court of Geneva upon return thereof is invalid — owner of premises searched not entitled to return of liquor seized.

The Home Rule Amendment to the State Constitution and the City Home Rule Law (Laws of 1924, chap. 363) do not confer upon the municipalities of the State the power to organize local courts or to determine what procedure shall be followed in said courts. This right is still within the province of the Legislature under section 18 of article 6 of the State Constitution.

Accordingly, a local law enacted by the city of Geneva under the Home Rule Amendment and the City Home Rule Law (Laws of 1924, chap. 363), authoriz-

ing the issuance of a search warrant by a judge of the City Court of Geneva and directing that a specified procedure be followed in said City Court upon the return of such warrant is invalid and the search of premises and the seizure of intoxicating liquor therein were consequently unlawful.

However, said liquor will not be returned to the owner of the premises searched, since the possession thereof in violation of the National Prohibition Act (41 U. S. Stat. at Large, 307, chap. 85, tit. 2) was unlawful.

APPLICATION for the vacation of a search warrant and the return of certain properties seized thereunder.

*Edward P. Murphy*, for the petitioner.

*George I. Teter, City Attorney*, for the City of Geneva and for Hon. George P. Ditmars, City Judge of the City of Geneva.

CUNNINGHAM, J.:

The common council of the city of Geneva, acting under the Home Rule Amendment of the Constitution and the City. Home Rule Law, passed a local law prohibiting the sale, manufacture or possession of intoxicating liquors. The local law authorizes the issuance of a search warrant by a judge of the City Court of Geneva and directs that a specified procedure be followed in the City Court upon the return of such warrant.

A search warrant was issued by the city judge and two bottles of beverage belonging to the petitioner were seized by a police officer armed with such search warrant. The petitioner contends that the search warrant was illegally issued and that all proceedings under it are invalid.

The Constitution (Art. 12, § 3) provides that " every city shall have the power to adopt and amend local laws not inconsistent with the constitution and laws of the State relating * * * to the * * * government and regulation of the conduct of its inhabitants and the protection of their property, safety and health." This section of the Constitution does not provide by whom or in what manner the power conferred upon the city shall be exercised. The Legislature was directed to determine the officials by whom and the mode in which the power of a city should be put in action. This direction is contained in the last sentence reading as follows: " The Legislature shall, at its next session after this section shall become part of the constitution, provide by general law for carrying into effect the provisions of this section."

Pursuant to this constitutional amendment the Legislature adopted the City Home Rule Law (Laws of 1924, chap. 363), and therein the exercise of the power of cities to adopt and amend local laws was committed to the legislative bodies of municipalities.

Broad police power is granted to cities but, of course, it was

not the purpose to allow local laws to apply to the entire State. The authority of a city ought to be limited to the adoption of laws affecting the welfare of the people of that particular city. We should be able to find some such limitation expressed in the Constitution. It empowers (Art. 12, § 3) each city to adopt laws " for the government and regulation of the conduct of its inhabitants and the protection of their property, safety and health." It was not the intention to permit a city to regulate the behavior of its inhabitants whether good, bad or indifferent. A State or city government may not invade the privacy of a citizen's life and control matters in which he alone is concerned, or prohibit him any liberty the exercise of which will not injure society. It is only the acts inimical to public welfare which may be restricted. The purpose for which the conduct of the inhabitants may be regulated must be found in the second portion of this clause reading " the protection of their property, safety and health." If we read " and " as " for " we then have authority given to pass laws for the " government and regulation of the conduct of its inhabitants *for* the protection of their property, safety and health." This amendment limits the police power of a city to the regulation of the conduct of its inhabitants.

The Legislature, in the City Home Rule Law, did not extend or enlarge the police power conferred upon cities by the Constitution. A municipality, therefore, has the right to regulate the conduct of its inhabitants in matters affecting the welfare of the people of the city. Under the authority thus granted it may prohibit the sale, manufacture or possession by its inhabitants of intoxicating liquors. (*Bertholf* v. *O'Reilly*, 74 N. Y. 509; *People* v. *Cook*, 197 App. Div. 155; affd., 236 N. Y. 505.)

There may be a doubt as to the validity of the local law because it is not limited to the restriction of conduct of inhabitants of the city of Geneva; in fact it does not, in terms at least, prohibit the possession, sale or manufacture of intoxicating liquors in the city of Geneva alone, but the language is broad enough to cover acts committed anywhere. It is not necessary to pass upon that point at this time.

The question to be decided in this case is whether the city of Geneva had the power to adopt as part of its local law the provision for the issuance of a search warrant by the city judge and specifying the procedure in the City Court upon the return thereof. The organization of courts and the administration of justice therein is a State and not a local function. The Constitution (Art. 6, § 18) provides that " Inferior local courts of civil and criminal jurisdiction may be established by the Legislature." This gives

to the Legislature the power to constitute local courts and to fix the procedure to be followed therein. The authority granted to cities by the Home Rule Amendment and the City Home Rule Law " for the regulation of the conduct " of their inhabitants does not confer the right to prescribe the procedure by which the guilt of violators of such regulations shall be determined. " To regulate is to govern by, or subject to, certain rules or restrictions. It implies a power of restriction and restraint." (*City of Rochester* v. *West,* 164 N. Y. 510.)

This supplies a municipality with the power to pass laws restricting and restraining acts inimical to the welfare of the people of the city; it confers no right to define the authority of the courts. In these local laws it may be provided that they shall be enforced by legal or equitable proceedings (City Home Rule Law [Laws of 1924, chap. 363], § 11, subd. 2-b), but it is the province of the Legislature to prescribe the courts which shall have jurisdiction of the proceedings to enforce the laws and to specify the procedure to be followed in the courts.

Cities have never been permitted to organize local courts or to determine what procedure should be followed therein. This power has always been exercised by the Legislature. As cities, before the Home Rule Amendment, might not control the functions of the courts, they do not by the amendment or the City Home Rule Law gain the right to confer such authority upon themselves. (*Browne* v. *City of New York,* 241 N. Y. 96.)

It is my opinion that the provisions of the local law of the city of Geneva with respect to the issuance of search warrants and relative to the procedure of the City Court upon the return of the search warrants are invalid and that the search of petitioner's property and the seizure of goods therein were unlawful. However, it does appear that the goods seized were intoxicating liquors which petitioner possessed for sale in violation of the laws of the United States, and it becomes necessary to determine whether such beverages shall be returned to the petitioner.

When a person has goods, the possession of which is declared to be unlawful, and the same are illegally taken from him by a peace officer who is detaining them as evidence, I believe that the court is not bound to restore such goods to the owner. It is unlawful for the petitioner to have these goods in his possession, and if the court orders them to be given back to him, it will afford him a further opportunity to commit crime. If an officer makes an illegal search and seizure he may be held to answer in both civil and criminal proceedings. An officer may be punished for such a wrong done even to a violator of the law. The court should leave

the owner of contraband articles to seek his remedy against the officer making the illegal seizure and ought not to suppress the evidence so obtained and thus permit the owner to go unpunished for his crime.

As it was a criminal offense for the petitioner to possess these liquors they will not be returned to him. (*People* v. *Defore*, 213 App. Div. 643; *People* v. *Didonna*, 124 Misc. 872; *People* v. *Pomerantz*, 125 id. 570.)

The motion is denied.