No. 27,667.

THE CITY OF KANSAS CITY, *Appellant,* v. DRAGA RODMAN, *Appellee.*

SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS—*Validity of Ordinance—Prohibiting Liquor Traffic—Contravening Statute.* An ordinance is not invalid which prohibits any person from directly or indirectly receiving any intoxicating liquor from any common carrier or other carriers or person and from having or keeping intoxicating liquors for personal use or otherwise but which provides that nothing in the ordinance shall be construed to conflict with any state law.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed April 19, 1927. Reversed.

*William Drennan, Willard M. Benton* and *Joseph A. Lynch,* all of Kansas City, for the appellant.

*George H. West* and *P. W. Croker,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff appeals from a judgment sustaining the defendant's motion to quash a complaint filed by the plaintiff charging the defendant with unlawfully having and keeping in her possession for personal use or otherwise intoxicating liquors in violation of section 1 of ordinance No. 14,628 of the city of Kansas City.

The material parts of the ordinance read:

"SECTION 1. It shall be unlawful for any person in the city of Kansas City, Kansas, to receive directly or indirectly intoxicating liquor from a common carrier or other carrier or person, or to keep or have in his possession for personal use or otherwise, any intoxicating liquors or to permit another to have or keep or use intoxicating liquors on any premises owned or controlled by him or to give away or furnish intoxicating liquor to another in said city of Kansas City, Kansas.

"SEC. 2. It shall be unlawful for any common carrier, firm or corporation or any other person for hire or without hire to bring or carry into the city of Kansas city, Kansas, or to carry from one place to another within this city, intoxicating liquors for another or for itself or himself, even when intended for personal use; and it shall be unlawful for any common carrier, its agent or employee to deliver any intoxicating liquors that may be in its possession to any person for any purpose whatever.

"SEC. 3. Any person or persons violating any of the provisions of this ordinance shall be adjudged guilty of a misdemeanor and upon conviction thereof shall be fined in any sum not less than $100 nor more than $500 and be imprisoned in the city jail for not less than 30 days nor more than six months,

Municipal Corporations, 28 Cyc. p. 701 n. 13.

for each offense and payment of costs and shall be committed to said jail until such fine and costs are paid.

"Sec. 4. Nothing in this ordinance shall be construed to conflict with any state law now in force in the state of Kansas."

It appears that the court sustained the motion to quash on the authority of *Kansas City v. Jordan,* 99 Kan. 814, 823, 163 Pac. 188, where this court said:

"Another question presented by the motion to quash, and embraced in the attack on the validity of the ordinance, but not argued by either of the parties to this action, is this: Are the exceptions contained in section 6 of the ordinance broad enough to include the recognized lawful traffic in intoxicating liquors in this state? Section 5499 of the General Statutes of 1915 is as follows:

" 'Any person who shall directly or indirectly sell or barter any spirituous, malt, vinous, fermented or other intoxicating liquors, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined in any sum not less than one hundred dollars, nor more than five hundred dollars, and be imprisoned in the county jail not less than thirty days, nor more than ninety days; provided, that any person, copartnership or corporation engaged in the wholesale drug business and having a stock, exclusive of alcohol, of not less than sixty thousand dollars may sell alcohol for medicinal, mechanical and scientific purposes to registered pharmacists who are actually and in good faith engaged in the retail drug business, such sales to be in quantities of not less than one gallon nor more than five gallons.'

"This statute gives certain wholesale druggists a legal right to sell alcohol to certain registered pharmacists. If the ordinance does not expressly or impliedly make an exception in favor of all legitimate transportation of intoxicating liquors, it cannot be upheld. In this state a registered pharmacist who legally purchases alcohol from a wholesale druggist has a right to have that alcohol transported over the streets of the city and delivered to him at his place of business. Because the exceptions in section 6 of the ordinance do not include all transportation in intoxicating liquor recognized as legal by the laws of this state, the ordinance must be held invalid."

Section 6 of that ordinance read:

"Nothing in this ordinance shall be construed to prevent any person from bringing into the city, personally, intoxicating liquors purchased outside of the state of Kansas, nor to prevent any such purchaser from receiving through a common carrier within the city intoxicating liquors purchased by any such person outside of the state of Kansas and to which intoxicating liquors the title vested in the purchaser outside of the state of Kansas, when such intoxicating liquors are intended to be possessed and received by such purchaser for his personal use." (p. 816.)

The ordinance in question in the present action is not subject to the objection that was sustained in *Kansas City v. Jordan.* Section 4 of ordinance No. 14,628 excepts from its provisions any transaction concerning intoxicating liquor made valid by the laws of the state.

The ordinance is valid; the complaint charged an offense under the ordinance; and the motion to quash should not have been sustained.

The cause is reversed with directions to the trial court to overrule the motion to quash and proceed with the cause.