STATE EX REL. MORELAND, RESPONDENT, v. POLICE COURT ET AL., APPELLANTS.

(No. 6,567.)

(Submitted February 13, 1930. Decided February 24, 1930.)

[285 Pac. 178.]

18

*Mr. Franklin D. Tanner,* for Appellants, submitted a brief and argued the cause orally.

*Messrs. Guinn & Maddox,* for Respondent, submitted a brief; *Mr. C. C. Guinn* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Complaint was filed in the defendant court charging relator with the offense of "unlawfully keeping and possessing intoxicating liquor in violation of Ordinance No. 117 of the City of

Hardin.'' The complaint also alleged that the ''act of keeping and possessing such intoxicating liquor \* \* \* was not authorized by the laws of the United States, nor by laws of the state of Montana.'' Relator was thereupon arrested, pleaded not guilty, and the cause was set for trial by the defendant court. Before the day set for trial, relator made application to the district court of Big Horn county for a writ of prohibition to prohibit and restrain the defendants from further proceeding with the case, alleging that the defendants are without jurisdiction to try the relator for the alleged offense, for the reason that Ordinance No. 117 is unconstitutional and invalid. The district court issued an alternative writ* and an order to show cause why the writ should not be made permanent. Defendants interposed a motion to quash the alternative writ, which was denied. Thereupon defendants filed their return, and the matter was submitted to the court for decision. The court ordered that the alternative writ be made permanent and a permanent writ issued. This appeal followed.

The principal attack upon the validity of the ordinance is ██ that it contravenes the prohibition contained in section 5056, Revised Codes of 1921, that ''no ordinance shall be passed containing more than one subject, which shall be clearly expressed in its title.''

The purpose of the ordinance, as indicated by its title, is ''for the suppression of the liquor traffic in the city of Hardin, Montana, and providing penalties for its violation.'' The first section of the ordinance makes it unlawful ''to keep, possess, sell, exchange, give, barter, transport or manufacture any intoxicating liquor, except as expressly authorized by the laws of the United States, and by the state of Montana.'' The second section defines the term ''intoxicating liquors,'' and section 3 provides penalties.

Relator contends that the term ''traffic,'' as used in the title of the ordinance, has to do with ''commerce, trade, sale or exchange of merchandise, and the like; the passing of goods or commodities from one person to another for an equivalent in goods or money,'' as that term is defined in

Bouvier's Law Dictionary, and that it does not warrant a prohibition in the body of the ordinance against possession without a purpose of sale or exchange. Relator's contention in this respect is predicated upon an erroneous interpretation of the prohibition contained in the ordinance relative to possession. The ordinance prohibits that possession only which is not expressly authorized by the laws of the United States or of the state of Montana.

Section 3, Title 2, of the National Prohibition Act, in part provides: "No person shall manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating liquor except as authorized in this chapter, and all the provisions of this chapter shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented. Liquor for nonbeverage purposes and wine for sacramental purposes may be manufactured, purchased, sold, bartered, transported, imported, exported, delivered, furnished and possessed, but only as herein provided, and the commissioner may, upon application, issue permits therefor." (27 U. S. C. A., p. 25, sec. 12.)

Section 4, Title 2 (27 U. S. C. A., sec. 13), enumerates certain instances when possession is lawful. Section 25, Title 2, of the same Act, provides in part: "It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this chapter or which has been so used, and no property rights shall exist in any such liquor or property." (27 U. S. C. A., p. 128, sec. 39.) And section 33, Title 2, of that Act, provides: "The possession of liquors by any person not legally permitted under this chapter to possess liquor shall be prima facie evidence that such liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the provisions of this chapter. But it shall not be unlawful to possess liquors in one's private dwelling while the same is occupied and used by him as his dwelling only and such liquor need not be reported, provided such liquors are for use only for the personal consumption

of the owner thereof and his family residing in such dwelling and of his bona fide guests when entertained by him therein; and the burden of proof shall be upon the possessor in any action concerning the same to prove that such liquor was lawfully acquired, possessed and used." (27 U. S. C. A., p. 220, sec. 50.)

The effect of the ordinance is merely to make possession unlawful when made so by the laws of the United States, and the laws of the United States make possession unlawful only when kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the Act. The ordinance in question simply denounces possession as unlawful when the liquor is kept for the purpose of being sold, bartered, exchanged, given away, furnished, or otherwise disposed of in violation of the National Prohibition Laws. Possession for any of these purposes, we think, is clearly germane to the general subject of "liquor traffic"; and, when a prohibition contained in an ordinance is germane to the general subject embraced in the title, the requirements of section 5056, supra, have been met. (*State ex rel. Dwyer* v. *Mayor of City of Butte,* 69 Mont. 232, 221 Pac. 524.)

Whether, in a prosecution under the ordinance, possession will be deemed prima facie evidence that the liquor was kept for the purposes specified in section 33, Title 2, of the National Prohibition Act (27 U. S. C. A., sec. 50), need not be determined here, since that is a question touching upon the sufficiency of the evidence and not one affecting the validity of the ordinance or the jurisdiction of the court.

The complaint filed against relator is entitled in the name of the town of Hardin, whereas in the complaint the charge is made that the defendant therein violated an ordinance of the city of Hardin, and relator contends that the town of Hardin is without jurisdiction for that reason. Proceedings for the violation of a city ordinance must be prosecuted in the name of the city. (Sec. 5089, Rev. Codes 1921.) It does not appear that the town of Hardin is a separate entity from the city of Hardin. Since this action is brought

against the police court of the city of Hardin and its magistrate to restrain them from proceeding with the prosecution of the action pending in the defendant court, we conclude that the action is pending in the police court of the city of Hardin, and that the complaint, through inadvertence, was entitled in the name of the town of Hardin. This is a matter that may be cured by amendment and does not affect the jurisdiction of the defendants.

Relator contends that the ordinance in question is invalid for the reason that the city has no authority to enact legislation designed to suppress the liquor traffic. By subdivision 1, section 5039, Revised Codes of 1921, the city has authority to pass ordinances "necessary for the government or management of the affairs of a city"; and, by subdivision 25 of the same section, "to prevent * * * acts or conduct calculated to disturb the public peace, or which are offensive to public morals."

In *City of Bozeman* v. *Merrell,* 81 Mont. 19, 261 Pac. 876, 878, this court, speaking through Mr. Justice Matthews, said: "Counsel are in error in assuming that, by the repeal of the prohibition laws of this state, permission was extended to the people to keep or possess contraband liquor or that an ordinance for the 'suppression of the liquor traffic in the city' would be in conflict with the statutes of the state or any provision of our Constitution."

The prevailing rule elsewhere is that a city has power to prohibit traffic in intoxicating liquors. (*City of Lafayette* v. *Deep,* 160 La. 5, 106 South. 654; *United States* v. *Viess,* (D. C.) 273 Fed. 279; *Kansas City* v. *Rodman,* 123 Kan. 394, 255 Pac. 39; *Ex parte Taylor,* 107 Tex. Cr. Rep. 342, 296 S. W. 528; *In re Siracusa,* 125 Misc. Rep. 882, 212 N. Y. Supp. 400; *Ex parte Iverson,* 199 Cal. 582, 250 Pac. 681; *State ex rel. Strupp* v. *Anderson,* 165 Minn. 150, 206 N. W. 51; *State* v. *White,* (Mo. Sup.) 263 S. W. 192; *Ex parte Sloan,* 47 Nev. 109, 217 Pac. 233; *Heppel* v. *City of Columbus,* 106 Ohio St. 107, 140 N. E. 169; *State* v. *Larkin,* 130 Wash.

531, 228 Pac. 289; *City of Seattle* v. *Hewetson*, 95 Wash. 612, 164 Pac. 234.)

In view of the conclusion we have reached, procedural questions presented by the appeal require no consideration. Other contentions urged against the validity of the ordinance have been considered and found to be without merit. The court erred in ordering the issuance of the permanent writ.

The cause is remanded to the district court of Big Horn county, with directions to set aside the permanent writ and dismiss the proceedings.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.

Rehearing denied March 13, 1930.