STATE EX REL. McDONALD, RESPONDENT, *v.* GETCHELL, MAYOR, ET AL., APPELLANTS.

(No. 3,570.)

(Submitted September 25, 1915. Decided October 22, 1915.)

[152 Pac. 480.]

*Cities and Towns—Metropolitan Police Law—Dismissal of Officers—Disregard of Provisions—Mandamus—Reinstatement to Office.*

1. Where a policeman, who had been permanently appointed in a city of the first class under the Metropolitan Police Law, was dismissed without trial, ostensibly to reduce the force, the evidence showing, however, that he was not placed on the eligible list and that as many policemen were employed after as before his discharge, and that some officers were retained whose commissions bore dates subsequent to his, a judgment in *mandamus* compelling his reinstatement was proper.

[As to *mandamus* against public officers, see note in 98 Am. St. Rep. 863. As to *mandamus* to compel the reinstatement of a teacher, see note in 49 L. R. A. (n. s.) 62.]

*Appeal from District Court, Missoula County; John E. Patterson, Judge.*

*Mandamus* by the state on relation of P. J. McDonald against Andy Getchell, as mayor of the city of Missoula, and others. From a judgment ordering the writ to issue and an order denying them a new trial, defendants appeal. Affirmed.

*Mr. Jas. L. Wallace* and *Mr. Chas. N. Madeen,* for Appellants, submitted a brief and argued the cause orally.

*Mr. Harry H. Parsons* and *Messrs. Hall & Whitlock,* for Respondent, submitted a brief; *Mr. A. N. Whitlock* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The city of Missoula is a municipal corporation organized under the laws of this state. It is, and for several years has been, a city of the first class. It was governed by a mayor and board of aldermen until 1911, when it adopted the commission plan of government and elected a mayor and two commissioners, who since then have constituted the governing body of the city. In 1910 P. J. McDonald successfully passed an examination before the examining and trial board of the police department of the city, received his appointment as policeman for the probationary term, qualified and discharged the duties of his office during such term, and was then appointed permanently—all under the Metropolitan Police Law in force in this state and obligatory upon a city of the class to which Missoula belongs. He qualified for the permanent appointment and served continuously as policeman until about May 27, 1914, when he was dismissed without a trial. He instituted this proceeding in *mandamus* to compel his reinstatement, and prevailed in the district court. The defendants have appealed from the judgment and an order denying them a new trial.

The case as presented to us is extraordinary in some respects.
[1]  The defendants did not attempt to excuse or justify their
action in removing the relator from his office, either in their
pleading or upon the trial.  With the exception of certain ad-
missions, their answer is substantially a general denial.  Although
they constitute the governing body of the city and admit that
defendant Getchell is mayor, that Hodson and Houston are com-
missioners, and that the three constitute the council for the city,
in their answer they deny under oath that Missoula is a munici-
pal corporation, that it is a city of the first class, that it was
ever controlled by the aldermanic form of government, or that
it is now operating under the commission plan.  The only evi-
dence offered by the city at the hearing consisted of Ordinance
148 and a resolution of the council adopted May 27, 1914.  The
ordinance, which abolished the office of city detective and special
policeman, was approved in 1906, four years before the relator
was first appointed to office.  The evidence was wholly immate-
rial, since it did not relate to the office to which relator seeks
reinstatement.

The resolution referred to directed the commissioner of public
safety and charity to reduce the police force to the lowest pos-
sible working number consistent with the maintenance of peace
and good order; but it was not followed by any evidence that
relator was discharged or relegated to the eligible list in pursu-
ance of the policy indicated in the resolution.  On the contrary,
the evidence discloses that as many policemen were employed
after as before the date of relator's discharge, that the relator
was one of the oldest policemen in point of service, and that sev-
eral whose commissions were subsequent to his, were retained in
the city's police service.  We have for consideration a meritori-
ous case in which relator demonstrated that he was ousted from
office to which he was entitled, and that his discharge was effected
in flagrant violation of the Metropolitan Police Law.  The judg-
ment restoring him is manifestly just; and since it is inconceiv-
able under the circumstances that any substantial rights of de-
fendants have been prejudicially affected, the errors committed

upon the trial, if such there were, will be disregarded. Section 6593, Revised Codes, provides: "The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect."

The judgment and order are affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Sanner concur.