THE HON. WILLIAM L. HOLLOWAY,  ⎫
THE HON. WILLIAM T. PIGOTT,  ⎬ Associate Justices.
*THE HON. CHARLES H. COOPER,  ⎭

STATE EX REL. LEASE, APPELLANT, *v.* WILKINSON, MAYOR, ET AL., RESPONDENTS.

(No. 4,274.)

(Submitted December 3, 1918. Decided December 9, 1918.)

[177 Pac. 401.]

*Mandamus—Metropolitan Police Law—Police Officers—Wrongful Dismissal—Reinstatement—Affidavit—Sufficiency.*

*Mandamus*—Demurrer—Motion to Quash—Admissions.
    1. A demurrer and motion to quash admit as true the allegations of the affidavit upon which an application for writ of mandate is based.
Same—Police Officer—Wrongful Dismissal—Affidavit—Sufficiency.
    2. *Held,* that an affidavit setting forth that relator was a duly appointed, qualified and acting policeman of a city of the first class, dismissed from office without any charges having been made against him and without notice of trial, in violation of the Metropolitan Police Law, stated facts sufficient, if proved, to entitle relator to a writ of mandate to compel his reinstatement and therefore dismissal of the proceeding on demurrer and motion to quash was error.
    [As to *mandamus* to restore officer wrongfully discharged, see note in 12 Am. Dec. 28.]

*Appeal from District Court of Missoula County; R. Lee McCulloch, Judge.*

---

  * Elected November 5, 1918; qualified January 6, 1919.

*Mandamus* against H. T. Wilkinson, Mayor, and others, as commissioners of the City of Missoula, to compel reinstatement of relator as a policeman.    From a judgment dismissing the proceeding, relator appeals.    Reversed and remanded.

*Mr. Chas. A. Russell* and *Messrs. Madeen & Cameron,* for Appellant, submitted a brief; *Mr. Russell* argued the cause orally.

No appearance on behalf of Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In October, 1910, relator was duly appointed policeman of the city of Missoula,—a city of the first class,—qualified as such and performed the duties of his office until March, 1918, when he was discharged by the city commissioners, without trial and without notice that any charges had been preferred against him. He instituted this proceeding in *mandamus* to compel his reinstatement, and in his affidavit set forth the facts in detail.    An alternative writ was issued and upon return respondents appeared by demurrer and motion to quash.    The demurrer and motion were sustained and a judgment entered dismissing the proceeding, from which judgment relator appealed.

The minutes of the court recite: ''In this matter it appearing to the court that the respondent is willing to accord relator a hearing by trial, it is therefore ordered that the motion to quash alternative writ of mandate heretofore argued, submitted and by the court taken under advisement is this day sustained.'' The record consists of the affidavit, the alternative writ, the demurrer, motion to quash, minute entry above, judgment and notice of appeal.    The judge of the trial court certifies that this record, excepting the notice of appeal, ''is a full, true and complete transcript of the record actually used by me as the basis of the order from which the appeal herein is now taken, and that the same contains all of the record and evidence heard and used by me in said action, and the foregoing is now by me hereby

settled, allowed and approved as a true and correct transcript of the record in said action.''

It does not appear by what means the trial court was or could have been apprised of the fact that the respondents, were willing to accord relator a hearing after this proceeding was instituted, but it is entirely immaterial. The wrong done to relator had occurred two months before this cause was heard in the lower court and was a continuing wrong.

The demurrer and motion to quash admit the allegations of [1] the affidavit to be true (*State ex rel. Fadness* v. *Eie,* 53 Mont. 138, 162 Pac. 164); so we have presented the case of a [2] duly appointed, qualified and acting policeman of a city of the first class, dismissed from office without any charges having been made against him and without notice of trial, in violation of the Metropolitan Police Law in force in, and obligatory upon, a city of this class. No defense of this action of the city commissioners is suggested. Indeed, they have not appeared in this court. The affidavit states facts sufficient, if proved, to entitle relator to the relief demanded.

The decisions in *State ex rel. McDonald* v. *Getchell,* 51 Mont. 323, 152 Pac. 480, and *State ex rel. Dwyer* v. *Duncan,* 49 Mont. 54, 140 Pac. 95, are controlling here; and upon the authority of those cases the judgment is reversed and the cause is remanded, with directions to overrule the demurrer and motion to quash.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE PIGOTT concur.