STATE EX REL. MILLS, PLAINTIFF, *v.* DIXON ET AL., DEFENDANTS.

(No. 5,411.)

(Submitted October 19, 1923. Decided October 23, 1923.)

[219 Pac. 637.]

**EDUCATIONAL BONDS CASE.**

*Injunction—State Educational Bonds — Statute — Prospective Operation—Presumptions.*

State Bonds—Statute Requiring Issuance on Amortization Plan not Retroactive.

1. *Held,* that Chapter 38, Laws of 1923, declaring that when the state or a subdivision thereof issues bonds they shall be made payable on the amortization plan unless they cannot be negotiated at a reasonable rate of interest in which event serial bonds may be issued in their place, is not retroactive.

Statutes and Statutory Construction — Prospective Operation — Presumptions.

2. The presumption is that a statute is intended to operate prospectively only and its words should not be given a retroactive operation unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied, every reasonable doubt being resolvable against retroactive operation.

Original application for writ of injunction by the State of Montana, on the relation of R. M. Mills, against Joseph M. Dixon, Governor, and others, constituting the state board of examiners. Proceedings dismissed.

*Mr. R. Mills, pro se,* submitted a brief.

*Mr. Wellington D. Rankin,* Attorney General, for Respondents, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

In 1920 the people passed initiative measure No. 19, designed to provide for the construction, repair and equipment of buildings at the state educational institutions, and empowering the state board of examiners to issue bonds in the name of the state in an amount not exceeding $5,000,000 for such purposes. These are called ''Educational Bonds of the State of Montana.'' Section 2 of the measure provides that the bonds shall be issued in series from time to time, and at such times and in such amounts as may appear to the state board of examiners necessary for the erection, repair and equipment of buildings at the institutions under the control of the state board of education. By section 3 the board of examiners is authorized to determine the denomination of the bonds, which ''shall bear date as of the day of the issuance thereof, shall become due and payable twenty years from their date, and be redeemable at the option of the state board of examiners at any time after ten years from their date at any interest paying period, and shall bear interest at the rate of not exceeding five and one-half per centum per annum, payable semi-annually. * * * '' Validity of the measure was determined in *State ex rel. Bonner* v. *Dixon,* 59 Mont. 58, 195 Pac. 841.

Following proper proceedings the state board of examiners on April 18, 1923, issued series D and series E of Educational Bonds of the state of Montana. These bonds are made payable in twenty years, redeemable in ten years, and bear interest as provided in the measure. These have not been delivered to purchasers.

By Chapter 38 of the Session Laws of the Eighteenth Legis-
[1] lative Assembly, approved February 28, 1923, it is pro-

vided in part that: "Whenever the state of Montana, or any county, city, town, school district, or any other taxing unit in the state of Montana having the power to issue and negotiate bonds, does hereafter issue its bonds, such bonds shall be payable on the amortization plan if bonds in this form can be sold and disposed of at a reasonable rate of interest. If amortization bonds cannot be negotiated at such reasonable rate of interest, advantageous to the people for whose benefit the same are issued, then in such case, serial bonds may be issued in place of amortization bonds."

There is not in Chapter 38 any provision to the effect that its provisions shall be retroactive. Section 6 thereof contains the usual clause, "all Acts and parts of Acts in conflict with this Act are hereby repealed."

Relator, after alleging the foregoing facts, with others, asserts that Chapter 38 repeals that portion of initiative measure No. 19 directing the state board of examiners, whenever bonds are issued thereunder, to make the same payable in twenty years and redeemable in ten years. He says Chapter 38 requires the board to issue and sell amortization bonds if bonds of that kind can be negotiated at a reasonable rate of interest; otherwise to issue and sell serial bonds. He prays this court to enjoin the board from issuing or disposing of series D and series E above mentioned, and from selling any bonds save such as may be issued under the provisions of Chapter 38. Defendants have demurred to his complaint upon the ground that it does not state facts sufficient to constitute a cause of action.

By the express provisions of section 3, Revised Codes of [2] 1921, no law contained in any of the Codes or other statutes of Montana is retroactive unless expressly so declared. "There is always a presumption that statutes are intended to operate prospectively only, and words ought not to have a retroactive operation unless they are so clear, strong, and imperative that no other meaning can be annexed to them, or unless the intention of the Legislature cannot be otherwise

satisfied. Every reasonable doubt is resolved against a retroactive operation of a statute." (25 R. C. L. 787.)

It seems clear to us that Chapter 38 has a prospective operation only.

The demurrer is sustained and the proceeding dismissed.

*Dismissed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.