STATE EX REL. TATEM, RELATOR, v. DIXON, GOVERNOR ET AL., RESPONDENTS.

(No. 5,493.)

(Submitted March 4, 1924.  Decided March 6, 1924.)

[223 Pac. 832.]

*Injunction—State Educational Bonds—Issuance—Validity—*
*—Chapter 38, Laws of 1923, not Retroactive.*

1. *Held,* on the authority of *State ex rel. Mills* v. *Dixon,* 68 Mont. 526, that state educational bonds issued by authority of Initiative Measure No. 19 (Laws 1921, p. 701), are valid and not affected retroactively by Chapter 38, Laws of 1923, providing that public bonds shall be made payable on the amortization plan if bonds in that form can be sold at a reasonable rate of interest.

INJUNCTION.    Original application by the State, on the relation of W. A. Tatem, against Joseph M. Dixon, Governor, C. T. Stewart, Secretary of State, and Wellington D. Rankin, Attorney General, constituting the State Board of Examiners. Demurrer to complaint sustained and proceeding dismissed.

*Mr. R. M. Mills,* for Relator, submitted a brief and made oral argument.

*Mr. Wellington D. Rankin,* Attorney General, for Respondents, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The fact conditions in *State ex rel. Mills* v. *Dixon,* 68 Mont. [1]   526, 219 Pac. 637, are applicable to this case except as we shall supplement them in this opinion.   On October 6, 1923, the state board of education requested the state board of examiners to issue and sell series F of educational bonds of the state of Montana in the sum of $555,000, pursuant to the provisions of initiative measure No. 19.   In the *Mills Case* the resolutions of the board of education requesting the state board of examiners to issue series D and E (pursuant to section 2 of Initiative Measure No. 19, Session Laws of 1921, p. 701), were adopted prior to the passage of Chapter 38 of the Session Laws of 1923, which Act became effective February 28, 1923, although those bonds were not issued or delivered until after the passage of that Act.

Counsel for relator says: "In the present proceeding brought to test the validity of series F of educational bonds, both the resolution of the board of education and that of the board of examiners authorizing and directing the issuance of this series were passed subsequent to the enactment of Chapter 38.   This is the only distinction that I am able to draw between the cases involving series D and E of educational bonds and those of series F."

If there be a distinction it is one without a difference.   It was conceded by counsel for relator and by the attorney general upon the argument that the *Mills Case* is directly applicable to this case and rules it.   The concession is warranted by the facts and the law.   The real reason for this proceeding is explained in the attorney general's brief: "The suit is brought to satisfy a bond attorney of New York City whose approving opinion is necessary to the sale of this issue of bonds."   A bid advantageous to the state has been received by the board of examiners but is conditioned upon the approval of this attorney.   Just why the opinion in the *Mills Case* in the judgment of the learned bond expert is not comprehensive

enough to relieve him from all responsibility in passing his opinion on the validity of the bonds is not clear. His objection to the validity of the issue, as we are given to understand it, we deem utterly without merit. In the *Mills Case* we pointed out that the people had prescribed the method and manner of issuing bonds under the initiative measure. We adverted to the fact that the validity of the measure was upheld in *State ex rel. Bonner* v. *Dixon,* 59 Mont. 58, 195 Pac. 841. We held, contrary to the contention of the relator in the *Mills Case,* that Chapter 38, *supra,* providing for the issuance and sale of amortization bonds did not repeal that portion of the initiative measure which relates to the issuance and sale of bonds. We held that Chapter 38 has a prospective operation only. These assertions, it seems, we are now importuned to repeat. We now say and we think in language so plain that even a hypertechnical and hypercritical bond attorney may understand it that Initiative Measure No. 19 is good, valid, in full force and effect, and that Chapter 38 has not affected it retrospectively, prospectively or otherwise, or at all.

The demurrer which the attorney general has interposed to relator's complaint is sustained and the proceeding is dismissed.

*Dismissed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.