CITY OF PHILIPSBURG, APPELLANT, v. PORTER, RESPONDENT.

No. 8783.

Submitted January 30, 1948. Decided March 1, 1948.

190 Pac (2d) 676.

Mr. Edwin T. Irvine, of Philipsburg, for appellant. Mr. Irvine argued the cause orally.

Mr. R. V. Bottomly, Atty. Gen., and Mr. Robert L. Word, Jr., Asst. Atty. Gen., for respondent.

MR. JUSTICE GIBSON delivered the opinion of the court.

The city of Philipsburg, under date of July 1, 1937, issued amortization bonds to the amount of $68,000 for the purpose of obtaining funds for the construction and improvement of its municipal water supply system. The bonds bear interest at the rate of four per cent. per annum and were purchased by the state board of land commissioners, sometimes termed in the record herein, department of state lands and investments of the state of Montana. In 1946 the city desiring to refund the then unpaid portion of this bond indebtedness, communicated with the state board of lands and investments and asked for its interpretation of Chapter 62 of the Montana Session Laws of 1945, in reference to the right of the city of Philipsburg to refund the said bond issue held by the department. The department of state lands, by its cashier, replied to this request by referring to the provision of section 5278.4, as amended by said Chapter 62 of the Laws of 1945, and stated that "at the present bond market you should be able to save at least 1½% by refunding." The tenor of the letter indicated, but not expressly, that the bonds held by the department might be redeemed by the proceeds of a refunding issue of bonds. The department's letter of reply further stated that the amount required to refund the issue of July 1, 1937, computed to July 1, 1946, would be $40,242.97.

This exchange of correspondence was in April, 1946.

The city proceeded to provide for the issuance and sale of refunding bonds to the amount of $40,242.97, to be issued as of July 1, 1946. The best bid received for this issue was that of Flint Creek Valley Bank, which bid for the issue par with interest at the rate of two per cent. per annum. The issue was sold to the bank pursuant to its bid. The state board of land commissioners of the state of Montana bid for the issue par with interest at the rate of two and one-half per cent. per annum for amortization bonds. The bid of the state board was made "subject to the approval of the attorney general of the completed proceedings." The attorney general, upon receipt of the prelim-

inary transcript of the proceedings relating to the bond issue, refused to approve the same and advised the city that in his opinion the bonds issued July 1, 1937, "cannot be refunded for the reason that there is no provision in the bonds for redemption prior to maturity." He stated: "Section 5278.4, R. C. M. 1935 provides in part, 'All bonds issued for a longer term than five years may be redeemable at the option of the city or town at any time before maturity when so recited in the bonds.'"

The attorney general referred to his official opinion No. 163 dated May 25, 1946, to the county attorney of Broadwater county, concerning the redemption of school district, town, city or county bonds, a copy of which is in the record herein.

Amortization payment due July 1, 1946, on the bonds of July 1, 1937, held by the state board of land commissioners, when demanded by the state treasurer, was refused by the city upon the ground that the provisions of Chapter 62, Laws of 1945, gave the city the right to redeem the bonds, and that the letter of the department of state lands and investments to the city in response to the city's request for an interpretation of said Chapter 62, constituted a commitment by the department to permit such redemption.

The action now before the court was brought in the district court for writ of mandamus to compel the state treasurer to accept tender of the sum of $40,242.97 as refund of principal and interest remaining unpaid on the waterworks bond issue of July 1, 1937, and to cancel and return the bonds to the city as redeemed. Upon the return of the alternative writ issued upon the city's application and petition, the respondent state treasurer moved to quash the alternative writ and to dismiss the proceeding upon the ground that the petition for the writ does not state facts sufficient to entitle the city to the relief sought, or any relief, and does not state a cause of action. This motion was sustained and judgment dismissing the proceeding was made and entered, from which this appeal by the city was taken.

The record presents the question whether the statute, Chapter 62, Laws of 1945, governs the right of the city to redeem the

bond issue of July 1, 1937, or whether the statute in existence at the time of the issuance and sale of the bonds, section 5278.4, before its amendment, governs. The statute in force when the bonds of July 1, 1937, were issued and sold, so far as here material, section 5278.4, Revised Codes of Montana 1935, reads as follows: ''No bonds for any purpose shall be issued for a longer term than twenty years, and when bonds are issued for the purpose of funding warrants or refunding bonds heretofore issued, as .authorized by section 5278.1, such bonds shall not be issued for a longer term than twenty years. All bonds issued for a longer term than five years may be redeemable at the option of the city or town at any time before maturity when so recited in the bonds. The maximum rate of interest which any bonds may bear shall be six per centum and shall be payable semi-annually.''

The bonds issued while this statute was in force were ''issued for a longer term than five years'' and are therefore such bonds as are described in the statute.· The only option or right to redeem the bonds issued in accordance with that statute is that they ''may be redeemable at the option of the city or town at any time before maturity when so recited in the bonds.'' It is not so recited in the bonds, and therefore unless the enactment, ten years after the bonds were issued, of Chapter 62, Laws of 1945, amending section 5278.4, operates to give the city the right to redeem the bonds before maturity, the right does not exist. The appellant city contends that this amendment of the section by said Chapter 62 in 1945 governs its right to redeem. As amended, the section, so far as material here, provides that ''* * * All bonds issued for a longer term than five (5) years may be redeemable at the option of the city or town five (5) years from the date of issue and on any interest payment date thereafter, and it shall be so recited in the bonds. * *. *'' Sec. 2, Chapter 62, Session Laws of 1945.

The law in force at the time the bonds were issued became a part of the contract with the holders of the bonds as fully and completely as though incorporated in the bonds. This is in

accordance with a fundamental rule. The rule is based upon the provision of the United States Constitution that "No state shall * * * pass any * * * Law impairing the Obligation of Contracts." Sec. 10, Art. 1, U. S. Const.

"The laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it, as if they were expressly referred to or incorporated in its terms." United States ex rel. Von Hoffman v. Quincy, 4 Wall. 535, 18 L. Ed. 403, 408; State ex rel. Judd v. Cooney, 97 Mont. 75, 32 Pac. (2d) 851; State ex rel. Tipton v. Erickson, 93 Mont. 466, 19 Pac. (2d) 227; State ex rel. Malott v. Board of County Commissioners, 89 Mont. 37, 296 Pac. 1. In the Von Hoffman case it was held that a subsequently enacted statute which repeals or restricts the power of taxation so far as it affects bonds bought and held under prior law is a nullity. It impairs the obligation of the contract. Any law that lessens the value of the bond impairs the obligation thereof.

Certain it is that, if the statute, Chapter 62, Laws of 1945, be construed as adding to the bond contract an important term, the right of redemption, a privilege of the obligor that was not a part of the contract when executed, it would violate the constitutional limitation upon the legislative power. It would impair the obligation of the contract,—the promise of the city in the bond contained.

The statute, however, does not do this. It does not apply to municipal bonds that were issued and sold prior to its enactment. It does not purport to apply to past transactions. Section 3, Revised Codes of Montana 1935, provides: "No law contained in any of the codes or other statutes of Montana is retroactive unless expressly so declared." This statute is declaratory of the general rule of construction that, " 'There is always a presumption that statutes are intended to operate prospectively only, and * * * ought not to have a retroactive operation unless they are so clear, strong, and imperative that no other meaning can be annexed to them, * * *' 25 R. C. L. 787."

State ex rel. Mills v. Dixon (Educational Bonds Case), 68 Mont. 526, 219 Pac. 637, 638.

The statute which declares this rule forbids the consideration ██ of extrinsic aids to the construction of a law in regard to its retroactive or prospective operation, wherein it commands that the law must not be held to be retroactive "unless expressly so declared." Mills v. State Board of Equalization, 97 Mont. 13, 33 Pac. (2d) 563. In Chapter 62 there is to be found no language that, either expressly or by implication, gives retroactive effect to the Act. It seems vain to consider the construction of the statute in this regard, however, for, if given retroactive operation the statute would be in violation of the constitutional prohibition against the enactment of a law impairing the obligation of contracts. If it were possible, which it is not, to construe the Act as retroactive, such reading thereof should be avoided under the well-known rule that where two constructions of a statute are possible, one of which would render the Act unconstitutional, and the other sustain its validity, the latter interpretation must be adopted.

There is a suggestion in the record that the state board of ██ land commissioners, purchaser of the bonds which appellant seeks to redeem, is bound to permit such redemption by reason of the letter of the cashier of the department of state lands and investments hereinabove mentioned. The idea, however, is not developed, briefed or argued. The letter was addressed to the city attorney of appellant city who requested the "interpretation of the Chapter," Chapt. 62, Laws of 1945. The bonds, while purchased and held by the state board of land commissioners, are, of course, owned by the state of Montana. The board is an executive board of the state government. The lands granted to the state by the federal government, and other lands acquired by the state under foreclosure of mortgages, and otherwise, are controlled and managed by this board. From sales of such lands, and from rentals received therefrom, are obtained moneys which the said board of land commissioners invests, largely in the bonds of the United States, and in the

bonds of cities, counties and school districts, for the most part of our own state. Such are the sources of the funds which were furnished appellant city in 1937 with which to construct and improve its water works system. The bonds issued to obtain the $68,000 of state funds are owned by the state. While there was in the letter to the city attorney sufficient to entitle the city to infer that the state land department would permit the bonds to be redeemed, of course the city attorney knew, and all parties to the transaction knew, that the bonds were owned by the state. The attorney general of the state when the matter came to the attention of his department, held, as above stated, that the bonds are not subject to redemption. His opinion upon that subject to the effect that the provisions of section 5278.4, Revised Codes 1935, before amendment by Chapter 62, Laws of 1945, governed the right of redemption, was correct, and it must be followed by the respondent state treasurer.

Whether the state may waive the term of the bond contract and permit redemption prior to maturity is a question not before us. The state rests upon the contract.

That the question was not definitely canvassed and properly ▮ determined before proceeding to the issuance of refunding bonds is unfortunate. There is no rule of estoppel that is available here. "A sovereign state is not subject to an estoppel to the same extent as an individual or a private corporation. * * * A state cannot be estopped by the unauthorized acts or representations of its officers." 19 Am. Jur. 818. The circumstances here do not raise an estoppel. The law is clear. The law in force when the bonds were issued governs the right of redemption. Such right was not reserved to the city when the bonds were issued.

The judgment of the district court is correct and is affirmed.

Mr. Chief Justice Adair and Associate Justices Choate, Angstman and Metcalf concur.