DAVIDSON, Appellant v. LOVE et al. Respondent.
No. 9251.
Submitted December 2, 1953. Decided December 15, 1953.
264 Pac. (2d) 705.

Mr. Justice Anderson dissented.

Clarence N. Davidson, pro se, and Sam D. Goza, Jr., Helena, for appellant.

Arnold H. Olsen, Atty. Gen., Leif Erickson, Sp. Asst. Atty. Gen., for respondent.

Mr. Davidson, Mr. Goza and Mr. Erickson argued orally.

MR. CHIEF JUSTICE ADAIR:

Mandamus. Appeal from a district court judgment.

Clarence N. Davidson, the appellant, is a longtime resident and taxpayer of the State of Montana who, in times past, has rendered considerable service to the state in various capacities.

From May 1, 1919, to March 12, 1933, he was employed as assistant or special attorney general of the state. From January 15, 1947, to May 1, 1949, he was employed as court attendant and deputy clerk of the state supreme court, becoming a member of the Public Employees Retirement System at the Commencement of such latter employment on January 15, 1947.

On October 5, 1948, he attained his 75th birthday. Thereupon by reason of the provisions of the law then in effect and the action of the Public Employees Retirement Board, he was retired from state service on the first day of the succeeding month.

From January 15, 1947, the date whereon he became an active member of the Public Employees Retirement System, to November 1, 1948, the date of his retirement, he contributed monthly to the retirement fund of the Public Employees Retirement System, an amount based on his age, sex and salary.

On May 1, 1949, he was separated from state service by reason of ill health. At the time he was retired from service no credit was given or allowed as a pension on account of the prior service rendered the state from May 1, 1919, to March 12, 1933, and he was denied the minimum retirement compensation of $480 per year provided for members who enter the retirement system with credit for prior service and who retire after attaining the age of 70 years.

In 1951 the Thirty-second Legislative Assembly enacted Chapter 224, Laws of 1951, amending R. C. M. 1947, sec. 68-501, subsection (h), which amendatory Act was approved by the governor and became effective on March 5, 1951.

From May 1, 1949, the date of his separation from state service to March 5, 1951, the effective date of the amendatory Act, Ch. 224, Laws of 1951, appellant was paid retirement in the sum of but $5.64 per month due to the refusal of the retirement board

to allow appellant a retirement of the minimum compensation provided by law as is stated above.

However, from March 5, 1951, the effective date of Chapter 224, Laws of 1951, appellant has been paid a minimum retirement compensation of $40 per month based on credit for prior service from and after March 5, 1951.

Appellant claims that Chapter 224, Laws of 1951, amended the law to include a grant of credit for prior service to all retired members for all state service rendered prior to January 1, 1945, and that by reason of such amendatory Act he became and is entitled to a retirement pension in not less than the minimum provided by law.

Appellant's demand for such credit and allowance was made upon the respondent board and by it denied. Thereafter on September 8, 1951, the respondent board reconsidered and amended its prior order and allowed appellant credit for prior service free of any condition of contribution to the retirement accumulation fund and thereafter paid appellant the additional retirement benefits due him by reason of the grant of credit for prior service from March 5, 1951, to October 1, 1951, in the amount of $273.15 but refused the additional retirement benefit due from May 1, 1949, the date of appellant's separation from state service, to March 5, 1951, the effective date of Chapter 224, Laws of 1951, amounting to $886.65, for 22 1/6 months at $40 per month and representing the difference between the $5.64 per month paid appellant from May 1, 1949, to March 5, 1951, and the amount claimed due when granted the prior credit provided by law.

By affidavit filed in the district court of Lewis and Clark County appellant sought a writ of mandate requiring the respondent board of administration of the Public Employees Retirement Act to comply with appellant's demands for payment to him of said sum of $886.65. An alternative writ of mandate was issued but upon respondents' motion it was quashed and judgment thereafter entered for the respondent board and against the appellant Davidson.

It is quite clear that appellant's affidavit filed in the district court states facts sufficient to justify the issuance of the writ and it was error for the trial court to sustain respondents' motion and to order the writ quashed.

On this appeal the facts are undisputed and the only question presented by the briefs filed in this court is whether or not the provisions of Chapter 224, Laws of 1951, are retroactive. Compare State ex rel. Fadness v. Eie, 53 Mont. 138, 148, 162 Pac. 164; State ex rel. Lease v. Wilkinson, 55 Mont. 340, 177 Pac. 401.

If the provisions of Chapter 224, supra, are retroactive, then under the law, the respondents must pay to appellant the minimum retirement benefit provided by the Act from the date of his retirement on May 1, 1949, to March 5, 1951, the effective date of said Chapter 224, supra.

Respondents cite and rely on R. C. M. 1947, sec. 12-201, which reads: "No law contained in any of the codes or other statutes of Montana is retroactive unless expressly so declared."

Like provisions are found in the Codes of other states. Section 3, Revised Codes of Idaho, now sec. 70-101 of the Idaho Code of 1932, corresponds with sec. 12-201, supra, of the Montana Codes.

In Peavy v. McCombs, 26 Idaho 143, 140 Pac. 965, 968, the Supreme Court of Idaho in construing the above statute of that state said: "This rule is embodied in section 3, Rev. Codes, which provides that 'no part of these Revised Codes is retroactive, unless expressly so declared.' We do not think, however, that this section means that the statute must use the words, 'This statute is to be deemed retroactive.' We think it is sufficient if the enacting words are such that the intention to make the law retroactive is clear. In other words, if the language clearly refers to the past as well as to the future, then the intent to make the law retroactive is expressly declared within the meaning of section 3, Rev. Codes."

Section 3038, Revised Codes of Arizona likewise corresponds with sec. 12-201, supra, of the Montana Codes.

In Schuster v. Schuster, 42 Ariz. 190, 23 Pac. (2d) 559, 562,

the Supreme Court of Arizona cited with approval the Idaho case of Peavy v. McCombs, supra, and said: "This clearly refers to the past as well as to the future and brings the language expressly within the meaning of section 3038, supra. To accomplish this purpose it was not necessary that the legislature use the expression, 'this statute shall be retroactive,' or any similar one. Any language that shows a legislative purpose to bring about this result is sufficient." See also Connecticut Mut. Life Ins. Co. v. Talbot, 113 Ind. 373, 14 N. E. 586, 589, 3 Am. St. Rep. 655.

In Mills v. State Board of Equalization, 97 Mont. 13, 21, 33 Pac. (2d) 563, this court applied the rule of construction above stated.

If it is unmistakable that an act was intended to operate retrospectively, that intention is controlling as to the interpretation of the statute, even though it is not expressly so stated. 50 Am. Jur., Statutes, p. 503, sec. 479, note 3.

Respondents cite certain decisions of this court involving the question of retroactive laws but the statutes therein construed are clearly distinguishable from the provisions of Chapter 224, Laws of 1951, here involved.

R. C. M. 1947, sec. 68-501, subsection (h), as amended by Chapter 224, Laws of 1951, p. 601, in part, provides: "Credit for prior service shall be granted to all persons who have been at any time since July 1, 1945, or who may at any time hereafter become members or employees of the state * * * notwithstanding any other provisions of the public employees' retirement act, as amended or supplemented; subject, however to the following conditions: namely, that any such person desiring to qualify for the benefits of the act must contribute to the pension accumulation fund of the public employees' retirement system for the purpose of accomplishing such qualification, an amount which shall be based on age and sex at the time of original membership, and, upon the compensation earnable by such person during the month preceding the separation of such person from the state service. The time of original membership is hereby

defined as the date when any such person elects to become a member of the public employees' retirement system.

"Providing that credit for prior service shall be granted to all retired members for all state service rendered prior to January 1, 1945, notwithstanding the date of participation of the contracting public agency in the public employees' retirement system or any other limitation or provision of the public employees' retirement act."

The title of Chapter 224, Laws of 1951, pp. 595, 596, further discloses the intent of the 32nd Legislative Assembly in amending subdivision (h) of sec. 68-501, R. C. M. 1947. Such title, so far as is here material, reads: "An Act to Amend Section 68-501, Revised Codes of Montana, 1947, in Chapter 5, Under Title 68 of Said Codes, Relating to the Board of Administration of the Public Employees' Retirement Act, Its Powers and Duties and in Particular to Subdivision (h) of Said Section Relating to Credit for Prior Service, * * * and Providing That Credits Shall Be Granted for Prior Service to Retired Members for Any Such Service Rendered Prior to January 1, 1945; Providing That Credit for Prior Service Shall Be Granted to All Retired Members for All State Service Rendered Prior to January 1, 1945, Notwithstanding the Date of Participation of the Contracting Public Agency in the Public Employees' Retirement System or Any Other Limitation or Provision of the Public Employees' Retirement Act."

It is clear from the above quoted portions of the title of Chapter 224, Laws of 1951, pp. 595, 596, and from the express provisions of subsection (h) of Section 1 of the Act, p. 601, that appellant is entitled to an additional amount of $886.65 from the Public Employees' Retirement System and this court so finds and adjudges.

The instant proceedings involve the first construction by this court of subsection (h) of section 1 of Chapter 224, supra, and we find that the respondent board and its officers and members have appeared and made defense herein in good faith and on advice of their counsel. However respondents and the district

court procedeed in error and appellant is entitled to his costs in these proceedings, plus a reasonable amount as and for attorney's fees fixed at the sum of $200 for instituting and prosecuting the proceeding.

The judgment is reversed and the cause is remanded to the district court with directions to issue a peremptory writ of mandate to be directed against respondents commanding that they forthwith pay and deliver to appellant the sum of $886.65 together with appellant's costs and attorney's fees as herein provided and that they fully comply with the orders and adjudication here made.

MR. JUSTICES BOTTOMLY, FREEBOURN and ANGSTMAN, concur.

MR. JUSTICE ANDERSON: (dissenting).

It is difficult for me to read the portions, quoted in the majority opinion, of the title of Chapter 224, Laws of 1951, pp. 595, 596, and subsection (h) of section 1 of the Act and find from them a clear legislative intention that same were to be retroactive insofar as the payment of benefits thereunder are to be made. This is obviously what the majority of this court concludes.

I concede that the amended portion of Chapter 224, supra, supplies retrospect insofar as credit for the prior service is concerned and as to this the mandate of R. C. M. 1947, sec. 12-201, is met. The intention of the legislature to be gathered from the amendment and the title on this point is clear and is controlling.

Prior to the amendment, which became the law on March 5, 1951, the pensioner received $5.64. Since March 5, 1951, he has received $40 per month *based upon the amendment granting credit for prior service*. There is a serious constitutional question in view of Article v, sec. 29, Montana Constitution, whether the pensioner should have been given the increase from $5.64 to $40. However, that question is not touched upon by the majority opinion and I reserve comment thereon. See Koehnlein

v. Allegheny County Employees' Retirement System, 373 Pa. 535, 97 A. (2d) 88.

I find no words in the amendment or the title to the Act which in any way imply, let alone suggest, an intent on the part of the legislature to grant, as a matter of right, a payment of money to the pensioner in retrospect.

It is argued that a liberal construction should be given to any Act wherein those who have yielded long and good service to their employer is involved. Granting here the inadequacy of $5.64 per month, I must likewise believe that $40 per month is almost as inadequate. However, these problems are for the legislature to resolve and not for the courts. ''The question whether a statute operates retrospectively, or prospectively only, is one of legislative intent. In determining such intent, the courts have evolved a strict rule of construction against a retrospective operation, and indulge in the presumption that the legislature intended statutes, or amendments thereof, enacted by it to operate prospectively only, and not retroactively.'' 50 Am. Jur., Statutes, sec. 478, p. 494.

My natural inclination would be with the pensioner but he, like I, must bear in mind the retirement fund is not his money nor mine, but is a fund created and maintained on an actuarial basis belonging to all the employees of the State of Montana who are or may hereafter take advantage of it. It must be presumed that the retirement fund is maintained at the lowest possible cost for the greatest possible benefit to all its members.

If this court can read into the statute before us, in the instant case, something that is not contained in it for the purpose of causing the retirement board to pay out public retirement money, then a precedent is established wherein the fund itself is in jeopardy and the actuarial feature of the fund becomes lost.

Let us suppose that during the next session of the legislature the Act fixing the amount of retirement pay was doubled or quadrupled and that nothing was said regarding the effect of the statute whether it would be retroactive or prospective, and let us suppose that all of the then retired members under the

Act came to the conclusion that they were entitled to the new amount, not only prospectively but retrospectively, and let us suppose that this court held that they were right, which if we follow the view in the majority opinion we would have to do, then it must be conceded that the fund which was created for the hundreds of employees of this state would be inadequate to meet the demands of the immediate pensioners and it would likely be so depleted as to be useless.

The retrospective features, if any, of the hypothetical suggestion above would be just as apparent as the retrospective features, if any, in the instant enactment.

If the majority opinion is correct in the interpretation of the statute, it would seem that R. C. M. 1947, sec. 12-201, which now reads, "No law contained in any of the codes or other statutes of Montana is *retroactive* unless expressly so declared", would be better if it were changed to read, "No law contained in any of the codes or other statutes of Montana is *prospective* unless expressly so declared." See State ex rel. Mills v. Dixon, 68 Mont. 526, 219 Pac. 637; State ex rel. City of Billings v. Osten, 91 Mont. 76, 5 Pac. (2d) 562.

I think the judgment of the lower court was correct and should not be disturbed here.