J. C. WEBER and Mrs. J. C. Weber,
Plaintiffs,

v.

HYDROPONICS, INC., a corporation,
Defendant.

No. 912.

United States District Court
D. Montana,
Missoula Division.

Sept. 28, 1962.

Smith, Boone & Karlberg, Missoula, Mont., for defendant.

Garlington, Lohn & Robinson, Missoula, Mont., for plaintiffs.

MURRAY, Chief Judge.

Defendant's consolidated motion to dismiss, or in the alternative to quash service of summons, together with the briefs in support of and in opposition to said motion, having been considered by the court, and the court being fully advised in the premises,

Now, therefore, it is ordered and this does order that said consolidated motion, in its entirety, be and the same hereby is denied, and the defendant is granted 20 days within which to further plead.

Defendant's position on this motion is that because the transaction giving rise to this action occurred prior to January 1, 1962, the effective date of the new Montana Rules of Civil Procedure, to permit service of summons in accordance with Rule 4 of those rules would be giving retroactive application to the Rules, contrary to the provisions of Section 12–201, R.C.M.1947. Section 12–201 provides that "No law contained in any of the codes or other statutes of Montana is retroactive unless expressly so declared".

Rule 4, subd. B of Montana Rules of Civil Procedure provides in part as follows:

"Any person is subject to the jurisdiction of the courts of this state or to any cause of action arising *from the doing* personally, through an employee, through an agent, or through any other person, of any of the following acts. * * "

Counsel contends that by adopting the phrase "from the doing" as distinguished from some such phrase as "from the doing or having done", the legislature displayed an intent to have the rule apply prospectively only, and that because of the provisions of Section 12–201, above quoted, application of Rule 4 in this case is prohibited. Counsel makes no argument that the legislature could not have constitutionally provided that the new rules apply to causes of action already accrued at the time they became effective, and his argument is simply that the legislature did not do so, and this case should be dismissed or the service of summons quashed, and plaintiffs left to seek redress in some distant forum.

Ingenious as this argument may be, it overlooks the provisions of Rule 86(a) of the Montana Rules of Civil Procedure. That rule provides:

"These rules will take effect on January 1, 1962. *They govern all* *proceedings and actions brought* *after they take effect, * * *."*

Certainly, the legislature must have been aware that the operative facts giving rise to actions commenced after January 1, 1962, would have, in many cases, occurred prior to that date, and by adopting the above quoted provision of Rule 86 (a), the legislature clearly indicated the intention that the rules were to apply to those cases, as well as those where the cause of action accrued after January 1, 1962.