LUMBERMENS MUTUAL CASUALTY COMPANY, an Illinois Corporation, and Waldorf Hoerner Paper Products Company, a Montana Corporation, Plaintiffs,

v.

BABCOCK & WILCOX COMPANY, a New Jersey Corporation, and Clarage Fan Company, a Michigan Corporation, Defendants.

Civ. No. 1040.

United States District Court
D. Montana,
Missoula Division.

Jan. 27, 1964.

---

Garlington, Lohn & Robinson, Missoula, Mont., for plaintiffs.

Smith, Boone & Karlberg, Missoula, Mont., for defendant Babcock & Wilcox Co.

Hall, Alexander & Kuenning, Great Falls, Mont., for defendant Clarage Fan Co.

MURRAY, Chief Judge.

The separate motions to dismiss of the defendants Babcock & Wilcox Company and the Clarage Fan Company, together with the briefs in support of, and in opposition to, said motions having been considered by the court, and the court being fully advised in the premises,

Now, therefore, it is ordered and this does order that the said motions are and each of them is, hereby denied, and each of the defendants is granted 20 days within which to further plead.

The first ground of each motion is that the complaint fails to state a claim upon which relief can be granted. Neither defendant attempted to support this ground of its motion in its brief, and under Rule 7(a) of the Rules of this Court, the failure to support this ground of the motions is deemed an admission by counsel that the motions on this ground are not well taken.

The remaining question presented by the motions is identical with respect to each defendant and concerns the sufficiency of service of process upon the defendants. The action was commenced in the District Court of the Fourth Judicial District of the State of Montana, in and for the County of Missoula, and service of summons was made on Babcock & Wilcox in the State of New York, and on Clarage Fan Company in the State of Michigan, under the provisions of Rule 4 of the Montana Rules of Civil Procedure (Sec. 93–2702–2, R.C.M.1947). The case was thereafter removed to this court and the present motions were filed.

Insofar as relevant here, Rule 4, subd. B of the Montana Rules of Civil Procedure provides as follows:

"B. (Jurisdiction of Persons).

"(1) Subject to Jurisdiction. All persons found within the State of Montana are subject to the jurisdiction of the courts of this state. In addition, any person is subject to the jurisdiction of the courts of this state as to any cause of action arising from the doing personally, through an employee, or through an agent, of any of the following acts:

"(a) the transaction of any business within the state

"(b) the commission of any act which results in accrual within this state of a tort action;

"(c) * * *

"(d) * * *

"(e) entering into a contract for services to be rendered or for materials to be furnished in this state by such person; or * * *

"(2) Acquisition of Jurisdiction. Jurisdiction may be acquired by our courts over any person through the service of process as herein provided; * * *".

Paragraph D of Rule 4 provides for the method and manner of service of process in the State of Montana, and then in Paragraph D(3) provides:

"Personal Service Outside the State. Where service upon any person cannot, with due diligence, be made personally within this state, service of summons and complaint may be made by service outside this state in the manner provided for service within this state, with the same force and effect as though service had been made within this state. * * *".

Both defendants apparently concede that the services herein made are adequate under Rule 4 to give the Montana court and this court, on removal, jurisdiction of the defendants if Rule 4 is applicable. However, the defendants contend that since the events which gave rise to this cause of action occurred prior to January 1, 1962, the date upon which the Montana Rules of Civil Procedure became effective, even though the action was commenced after the effective date of the Rules, Rule 4 cannot be given retrospective application to apply to this case.

This court has held otherwise in an unreported order dated September 28, 1962, in the case of Weber v. Hydroponics, Inc., D.C., 226 F.Supp. 117, and upon reconsideration of the problem in the light of the briefs submitted in this case, including the unreported decision of the State District Court of Cascade County in Nelson v. Montana Iron Mining Company, the court adheres to its decision in the Weber case.

In Nelson v. Montana Iron Mining Company, the court, in holding that the Montana Rules of Civil Procedure could not be given retrospective application, relied on the case of Sullivan v. City of Butte, 65 Mont. 495, 211 P. 301. The following quotation from the Sullivan case is contained in the brief of counsel for Clarage Fan Co.:

"*While our Constitution does not forbid the enactment of retrospective laws* generally, it is a rule recognized by the authorities everywhere that retrospective laws are looked upon with disfavor. It is a maxim said to be as old as the law itself that a new statute ought to be prospective, not retrospective, in its operation. (Citing cases.) *This maxim has its foundation in the presumption that the legislature does not intend to make a new rule for past transactions and every reasonable doubt will be resolved against a retrospective operation.* (Citing cases.)"

The principle expressed in this quotation from the Sullivan case is codified in Section 12–201, R.C.M.1947, in the following language:

"No law contained in any of the codes or other statutes of Montana is retroactive unless expressly so declared."

■ From the language of the Montana Supreme Court in the Sullivan case quoted above, and from the language of Section 12–201, two things are apparent: First, the Montana Constitution does not prohibit the enactment of retrospective laws by the legislature, but, second, the legislative intention to give retrospective force to a newly enacted statute must clearly appear and all reasonable doubt will be resolved against retrospective operation. In this connection, the Montana Supreme Court has further stated in Davidson v. Love, 127 Mont. 366–369, 264 P.2d 705, 707:

"To accomplish this purpose it was not necessary that the legislature use the expression 'this statute shall be retroactive', or any similar one. Any language that shows a legislative purpose to bring about this result is sufficient. * * *

"If it is unmistakable that an act was intended to operate retrospectively, that intention is controlling as to the interpretation of the statute, even though it is not expressly so stated. 50 Am.Jur., Statutes, p. 503, § 479, note 3."

Rule 86(a) of the Montana Rules of Civil Procedure, which has not been assigned a code number in the revised codes, but the text of which immediately follows Section 93–2711–5 (Rule 85) at page 215 of the R.C.M.1961 Cumulative Pocket Supplement, while it does not use the words "these rules shall operate retroactively" leaves no doubt that that was the legislative intent. Rule 86(a) provides:

"(a) Effective date and application to pending proceedings. These rules shall take effect on January 1, 1962. *They govern all proceedings and actions brought after they take effect,* and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the procedure existing at the time the action was brought applies."

The exception contained in this rule which in certain cases would permit the court to apply procedures existing prior to the effective date of the rules applies only to *actions,* as distinguished from *causes of action,* pending when the rules take effect. Otherwise, the rules, including Rule 4, apply to all actions brought after January 1, 1962.

This court is extremely reluctant to decline to follow the decision of the State District Court in Nelson v. Montana Iron Mining Company, particularly since the problem involves state procedure. However, Rule 86(a) is not mentioned in the court's opinion in that case, and it seems apparent the rule was not called to the court's attention. Were it not for Rule 86(a) this court would have no difficulty in following the Nelson case, but in view of the plain provisions of the rule it must decline to do so. Why Rule 86 was not assigned a code section number and printed in the same type as the other rules in the Cumulative Pocket Supplement to the Revised Codes is a mystery, but it may perhaps explain how the rule may have been overlooked. Rule 86 does appear as Section 79 of Chapter 13 of the Montana Session Laws of 1961, which is presumably the form in which the Legislature enacted the Montana Rules of Civil Procedure.