JUSTICE TRIEWEILER
dissenting.
¶22 I dissent from the majority’s conclusion that § 46-3-114(2), MCA, established venue in Valley County regardless of whether the Defendant, Gary Diesen, operated his boat in that county. The majority opinion flies in the face of the constitutional requirement that criminal defendants be tried in the county where their crime is alleged to have been committed and could lead to absurd results. Furthermore, it was not necessary to apply § 46-3-114, MCA, in the manner that it has been applied in order to prosecute Diesen. It is obvious from the facts that if he operated his boat while intoxicated, he did so in Garfield County regardless of where his collision with Alvin Hallock occurred.
¶23 Diesen met Hallock at Rock Creek Marina on Fort Peck Lake in Garfield County. They left Rock Creek Marina at about the same time. It was after their departure from the marina that Diesen began operating his boat recklessly and collided with Hallock. If Diesen was intoxicated at the time of the collision he was intoxicated from the time they left Rock Creek Marina until the collision occurred. Most, if not all of that time, he operated his boat in Garfield County.
¶24 It is not clear whether, by the time he collided with Hallock, Diesen had passed from Garfield County into Valley County. What is clear is that following the collision, Diesen was no longer allowed to operate the boat and during that part of the trip which we know occurred in Valley County, Diesen was a mere passenger in his boat and committed no crime. Article II, Section 24 of the Montana Constitution provides that, “[i]n all criminal prosecutions the accused shall *466 have the right to ... a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed...”
¶25 The manner in which the majority has construed § 46-3-114(2), MCA, would render this constitutional requirement meaningless by characterizing Diesen’s constitutional argument as “hypertechnical.” If § 46-3-114(2) permits the result arrived at by the majority, then it is clearly unconstitutional. However, “where two constructions of a statute are possible, one of which would render the act unconstitutional, and the other sustain its validity, the latter interpretation must be adopted.” City of Philipsburg v. Porter (1948), 121 Mont. 188, 194, 190 P.2d 676, 679.
¶26 Section 46-3-114(2), MCA, provides as follows:
Except as provided in 46-3-110(2), if an offense is committed in or against a public or private conveyance and it is doubtful in which county the offense occurred, the charge may be filed in any county in or through which the conveyance has traveled.
¶27 Section 46-3-114(2) can only comply with Article II, Section 24 if limited to provide venue in some county where the conveyance has traveled and where some element of the offense occurred or some act which contributed to the offense occurred. To hold otherwise could lead to absurd results. For example, if the owner of an automobile licensed in Yellowstone County traveled from that location to the Lincoln County-Flathead County line where she was struck by another motor vehicle operator who was under the influence of alcohol and if it could not be determined whether the collision occurred in Flathead as opposed to Lincoln County, could the offending driver be prosecuted in Yellowstone County simply because the conveyance against which he offended had at some prior point, traveled through Yellowstone County? If not, what is there in the majority’s rationale that would preclude such a farfetched and unconstitutional result? I can find nothing.
¶28 In this case, there was evidence that Diesen committed his offense in Garfield County. There was also evidence that Diesen committed his offense in Valley County. It was the responsibility of the District Court to weigh the conflicting evidence and resolve the factual issue which resulted from that evidence. It did not do so. Therefore, I would vacate the judgment of the District Court, remand for resolution of that factual issue and further proceedings in whichever county the District Court found the offense or some element of the offense occurred.
¶29 For these reasons, I dissent from the majority opinion.